Argued September 5, reversed October 16, 1975

STATE OF OREGON, *Respondent, v.* GARY
FRANCIS HICKMANN, *Petitioner.*

540 P2d 1406

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

BRYSON, J.

Defendant was charged with the crime of Criminal Activity in Drugs, ORS 167.207. The trial court allowed defendant's motion to suppress certain evidence seized in his tepee (his residence). The search was conducted without a warrant. The Court of Appeals, one judge dissenting, reversed and remanded to the trial court to make findings as to whether or not defendant "consented" to the police entering his home. *State v. Hickmann,* 21 Or App 303, 534 P2d 1153 (1975). We accepted review because the case presents a question of criminal appellate procedure.

Police officers, acting on information provided by an arrestee who stated she had purchased drugs from defendant, conducted a warrantless search of defendant's tepee. The police found and seized some marijuana. Defendant filed a motion to suppress the evidence. The State opposed the motion, contending (1) there was probable cause to believe defendant possessed illegal drugs, and (2) exigent circumstances existed justifying the search without a warrant. The trial court found that probable cause existed but there were no exigent circumstances to justify the warrantless search and seizure and allowed the defendant's motion.

The State appealed, contending the search of defendant's tepee was proper "as being incident to a lawful arrest." The majority opinion of the Court of

Appeals found that probable cause existed and that the trial court's findings that no exigent circumstances existed were "supported by substantial evidence and we are bound thereby." However, the majority opinion continued:

> "\* \* \* [W]e remand to the trial court for it to make findings of fact concerning the existence or nonexistence of consent by the defendant to the entry by police into his home. If it finds there was such consent, the order suppressing the evidence must be set aside. Accordingly, the order suppressing the evidence is vacated."

The defendant, on appeal to this court, contends "the issue of consent was not raised by either of the parties at trial or on appeal. It was simply not an issue in the case." We have examined the entire record and find that the issue of "consent" was not before the trial court on the motion to suppress and the State did not raise the issue in its appeal to the Court of Appeals. At the time of oral argument before this court, the State agreed that this is a correct statement.

■■ Appellate courts are limited in their scope of review. Generally, on appeal the case, criminal or civil, should be heard on the same theory upon which it was presented in the court below. *State v. Olsen,* 138 Or 666, 671, 7 P2d 792 (1932)—except where important considerations of public policy are encountered in the solution of a case before the court. *Agan et al v. U. S. National Bank,* 227 Or 619, 629, 363 P2d 765 (1961). Further, a question not raised and preserved in the trial court will not be considered upon appeal unless upon an examination of the entire record the court can find that the error is manifest and that the ends of justice will not otherwise be satisfied. *State v. Abel,* 241 Or 465, 467, 406 P2d 902 (1965); *State v. Rupp,* 251 Or 518, 446 P2d 516 (1968); *State v. Cameron,* 22 Or App 85, 538 P2d 94, 95 (1975).

■ Since the State did not rely upon "consent" as a basis to justify the warrantless search at the trial court level or on appeal, the decision of the Court of Appeals is reversed.