# STATE OF OREGON, *Respondent,*
*v.*
# KENT GALLANT OLSON, *Petitioner.*
## (NO. C 76-12-17439, DA 129621, CA 8276, SC 25891)
598 P2d 670

William N. Mehlhaf, Portland, argued the cause and filed briefs for petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem.

HOLMAN, J.

## HOLMAN, J.

Defendant was charged with burglary in the first degree. His motion to quash evidence of items of personal property seized in his home as well as evidence of certain statements and a confession he made at the time of his arrest was allowed. The state appealed and the Court of Appeals reversed the trial court's allowance of the motion. 34 Or App 511, 579 P2d 277 (1978). This court granted review.

There is no dispute of consequence about the facts. The complaining witness and his family left their home and went out to dinner about 6 p.m. When they returned at 8 p.m. they found their house had been burglarized. They notified the police, who immediately responded. It was learned that a neighbor had seen a youth, who was known to the neighbor, and a man in front of complainant's home. The police contacted the youth, who said he and defendant had been looking for defendant's dog. The police, however, found the youth in possession of property taken from complainant's home which he said defendant had given to him. The youth took the police to where defendant lived. By this time it was 10 to 11 p.m. Defendant's car, which was parked in front of his home, was identified by the youth. The house was dark, and the police knocked loudly and announced, "This is the sheriff's office." They heard a noise from within the home but no one came to the door. After shining a light in various windows attempting to see inside, the officers returned to the door and knocked again, this time with a flash light, and again announced that they were from the sheriff's office. Receiving no response, the officers then opened the door, entered the house, and found defendant in bed with his girlfriend. The officers were aware at the time of their entry that a handgun and possibly some ammunition had been taken in the burglary. However, they did not draw their guns at the time of entry, and all officers testified that after the door was opened defendant said, "Come in." Loot from

the burglary was found in the house and incriminating statements were made by defendant in spite of his having been given the *Miranda* warning. Shortly after being arrested he made a confession.

Two issues are raised by defendant's petition for review. The first is a claim that the police's failure, after knocking, to announce their purpose before forcefully entering defendant's residence was a violation of the Fourth Amendment of the United States Constitution[1] and of Article I, section 9, of the Constitution of Oregon.[2] The second contention is that absent exigent circumstances, the police's entry without a warrant of arrest was a violation of the same constitutional restrictions. The Court of Appeals held that knocking and announcing the identity of those seeking entrance was constitutionally sufficient despite the police's failure to state their purpose for seeking entry. The Court of Appeals declined to reach the question of the police's right to entry without an arrest warrant upon the basis that defendant's written motion to quash did not raise the issue.[3] The following was contained in the court's order quashing the evidence:

> "The forcible nighttime entry by the police into the defendant's dwelling was made when there was ample time to obtain an arrest warrant; there being no exigent circumstances to justify the entry into the defendant's dwelling house and his subsequent arrest therein without the utilization of the warrant process."

---

[1] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[2] No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

[3] *See* 34 Or App 511, 515 n 2, 579 P2d 277 (1978).

■ There can be no doubt that the lack of an arrest warrant was a basis for the trial court's ruling. We know of no rule or statute which limits the trial judge to the reasons stated in the motion to quash, if, upon a hearing, it develops that the facts are such that the evidence should be quashed for reasons other than those specified in the motion, the judge chooses to act upon them, and there is no claim of lack of opportunity by the state to present evidence. The "knock and announce" rule presupposes that the police have a right to entry. In the absence of such a right, there is no occasion to consider whether the "knock and announce" rule has been complied with in a constitutionally proper manner. We therefore conclude that the first question to be answered is whether the police had a right to enter defendant's premises without a warrant for defendant's arrest.

Neither this court nor the United States Supreme Court has decided whether, absent exigent circumstances or hot pursuit, police officers who have probable cause to arrest a person may forcibly enter a person's home for that purpose in the absence of having secured a warrant. *See State v. Girard,* 276 Or 511, 514, 555 P2d 445 (1976); *United States v. Santana,* 427 US 38, 45, 96 S Ct 2406, 47 L Ed 2d 300 (1976), Mr. Justice Marshall dissenting; *United States v. Watson,* 423 US 411, 418n6, 95 S Ct 820, 46 L Ed 2d 598 (1976); *Gerstein v. Pugh,* 420 US 103, 113nl3, 96 S Ct 854, 43 L Ed 2d 54 (1975); *Coolidge v. New Hampshire,* 403 US 443, 480-81, 91 S Ct 2022, 29 L Ed 2d 564 (1971); *Jones v. United States,* 357 US 493, 499-500, 78 S Ct 1253, 2 L Ed 2d 1514 (1958). This question is now squarely presented to us.

ORS 133.310 provides:
"(1) A police officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed:
"(a) A felony, * * *.
"* * * * *"

[161]

ORS 133.235(5) provides:

> "In order to make an arrest, a peace officer may enter premises in which he has probable cause to believe the person to be arrested to be present."

We are thus brought to a consideration of whether ORS 133.235(5) is constitutional if applied to permit police entry under the facts of this case.

The words of Article I, section 9, of the Oregon Constitution, and of the Fourth Amendment to the Constitution of the United States are substantially identical as they relate to the present problem:

> "* * * right of the people to be secure in their persons, houses, * * * against unreasonable * * * searches and seizures * * * no Warrants shall issue, but upon probable cause * * * particularly describing the place to be searched, and the persons or things to be seized."

If probable cause to arrest is all a police officer needs to make constitutionally reasonable a forced entry into a person's house to arrest him, it is obvious that there will be little necessity for the officer ever to get a warrant; the requirement for entry without a warrant and for getting a warrant would be the same. If an officer does not have to have a warrant to force an entry into the house of a person for his arrest, the officer surely does not have to have one to enter any place else for that purpose. Yet the constitutional provisions obviously must contemplate situations in which a warrant is required.

Many courts have paid lip service to the proposition that absent exigent circumstances it is necessary to have a warrant to forcibly enter a person's home for the purpose of his arrest. However, most courts successfully avoid the effects of such a rule by finding exigent circumstances. Without its having actually taken the step, the United States Supreme Court has come as close as possible to saying that a warrant is necessary where no exigent circumstances exist. Illus-

trative is the following language of the plurality opinion in *Coolidge v. New Hampshire, supra* at 477-81:

"It is clear, then, that the notion that the warrantless entry of a man's house in order to arrest him on probable cause is *per se* legitimate is in fundamental conflict with the basic principle of Fourth Amendment law that searches and seizures inside a man's house without warrant are *per se* unreasonable in the absence of some one of a number of well defined 'exigent circumstances.' * * *.
"* * * * *.

"The fundamental objection, then, to the line of argument adopted by Mr. Justice White in his dissent in this case and in Chimel v. California, supra [ 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685 (1969)] , is that it proves too much. If we were to agree with Mr. Justice White that the police may, whenever they have probable cause, make a warrantless entry for the purpose of making an arrest, and that seizures and searches of automobiles are likewise *per se* reasonable given probable cause, then by the same logic *any* search or seizure could be carried out without a warrant, and we would simply have read the Fourth Amendment out of the Constitution. Indeed, if Mr. Justice White is correct that it has generally been assumed that the Fourth Amendment is not violated by the warrantless entry of a man's house for purposes of arrest, it might be wise to re-examine the assumption. Such a re-examination 'would confront us with a grave constitutional question, namely, whether the forceful nighttime entry into a dwelling to arrest a person reasonably believed within, upon probable cause that he had committed a felony, under circumstances where no reason appears why an arrest warrant could not have been sought, is consistent with the Fourth Amendment.' Jones v. United States, 357 US, at 499-500.
"None of the cases cited by Mr. Justice White disposes of this 'grave constitutional question.,' The case of Warden v. Hayden, supra [387 US 294, 87 S Ct 1642, 18 L Ed 2d 782 (1967)], where the Court elaborated a 'hot pursuit' justification for the police

entry into the defendant's house without a warrant for his arrest, certainly stands by negative implication for the proposition that an arrest warrant is required in the absence of exigent circumstances. See also Davis v. Mississippi, 394 US 721, 728; Wong Sun v. United States, 371 US, at 481-482. The Court of Appeals for the District of Columbia Circuit, sitting *en banc,* has unanimously reached the same conclusion. But we find it unnecessary to decide the question in this case. * * *." (Emphasis theirs; footnote omitted.)

The following cases are ones which not only state the rule that a warrant is necessary in the absence of exigent circumstances but have also quashed the evidentiary fruits of the entry made for the purpose of arrest. *Morrison v. United States,* 262 F2d 449, 453-54 (DC Cir 1958); *State v. Cook,* 115 Ariz 188, 564 P2d 877, 882-83 (1977); *People v. Ramey,* 16 Cal 3d 263, 127 Cal Rptr 629, 545 P2d 1333, *cert. denied,* 429 US 929 (1976); *People v. Moreno,* 176 Colo 488, 491 P2d 575 (1971); *Commonwealth v. Forde,* 367 Mass 798, 329 NE2d 717, 722 (1975).[4] In *People v. Ramey, supra,* 545 P2d 1333, 1340, the court said:

"Moreover, it is incongruous to pay homage to the considerable body of law that has developed to protect an individual's belongings from unreasonable search and seizure in his home, and at the same time assert that identical considerations do not operate to safeguard the individual himself in the same setting. Where genuine exigencies exist, broad constitutional mandates often give way to the necessity for immediate action, and an arrest is no exception to this rule. But in the absence of a bona fide emergency, or consent to enter, police action in seizing the individual in the home must be preceded by the judicial authorization of an arrest warrant."

It is our conclusion that the words of both the

---

[4] The Court of Appeals of the state of New York has recently ruled to the contrary and held that in the absence of exigent circumstances police officers with probable cause to arrest may enter a person's house without a warrrant for the purpose of arresting him. *See People v. Payton,* 45 NY2d 300, 380 NE2d 224 (1978), *prob. juris. noted,* 99 S Ct 718 (1979).

Oregon and the United States Constitutions dictate that where exigent circumstances which militate against securing the warrant do not exist, probable cause to arrest does not justify a forced entry into the home of the suspect. Such probable cause justifies only the issuance of a warrant. For this reason the application of ORS 133.235(5) would be an unconstitutional application where there are no exigent circumstances.

■ This leads us to a consideration of whether there were exigent circumstances justifying entry without a warrant. The burden is upon the state to show that the entry fell within the class of permissible exceptions to the requirement of a warrant. ORS 133.693(4). *Commonwealth v. Forde, supra* at 719; *Vale v. Louisiana,* 399 US 30, 34, 90 S Ct 1969, 26 L Ed 2d 409 (1970).

■ The police had probable cause to believe that defendant had committed the burglary. Property from the burglary was found in the possession of a youth who told them the property had been given to him by defendant. In addition, the victim's neighbor saw the youth at the victim's home in the company of a man. Sufficient information justifying a warrant for defendant's arrest was known to the police before they went in search of him at his home. Also, the police knew at that time that there was no reason for defendant to believe the police knew of his involvement in the burglary; therefore, there was no particular danger of his immediate flight. We, therefore, come to the conclusion that there was no evidence of exigent circumstances which justified their failure to secure a warrant of arrest.

The state argues that the fact that the police reasonably believed that defendant was armed with a pistol taken in the burglary posed an exigent circumstance because of the concern that defendant might use it to the detriment of the safety of the police and others, citing *Warden v. Hayden,* 387 US 294, 87 S Ct 1642, 18 L Ed 2d 782 (1967). It is true that the possession of a firearm can be an exigent circumstance

[165]

where it has been demonstrated that the person to be arrested has in the immediate past performed a crime of violence committed with a firearm which "would gravely endanger their [the police's] lives or the lives of others." *Warden v. Hayden, supra,* 387 US 294 at 299. This was not the situation here, but appears to be an afterthought by the state in an attempt to justify the entry. The police could not have been very concerned about defendant's possible possession of a firearm taken in the burglary because they did not even draw their revolvers when they forced the entry.

The state also contends that there was a danger that someone who was present when the youth was questioned in his home might have informed defendant that he was a suspect. The state made no showing that this was likely and did not carry its burden.

The state also contends that assuming an illegal entry, defendant's voluntary statements should not have been suppressed. The burden is also upon the state to prove that despite the illegal entry, arrest and search, the incriminating statements and ultimate confession were acts of defendant's free will and that the primary taint of illegality was thus purged. It can be contended that the receiving of the *Miranda* warning by defendant was such an intervening circumstance indicating voluntariness. In *Brown v. Illinois,* 422 US 590, 602, 95 S Ct 2254, 45 L Ed 2d 416 (1975), as here, incriminating statements were made almost immediately upon defendant's arrest followed shortly by a more detailed statement of the crime. There the Court suppressed the statements, which it found to be the product of an invalid arrest and search, even though given after a *Miranda* warning. Such a warning is evidence which may be considered in deciding whether a statement or a confession was unaffected by an illegal arrest and search. That decision is dependent upon all the circumstances, and we believe that in the present case the warning is inadequate to relieve the obvious taint resulting from breaking in, arresting defendant, and searching the premises.

The opinion of the Court of Appeals is reversed and the order of the circuit court quashing the evidence of the stolen goods, the admissions and the confession is reinstated.[5]

---

[5] No conclusion one way or the other should be drawn as the result of our failure to dispose of the "knock and announce" problem addressed by the Court of Appeals, because there was no occasion for this court to reach that problem.