## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES RAYMOND BETTLES,
*Appellant.*

(No. 7383, CA 14350)

607 P2d 216

[9]

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Steve B. Dixon, Certified Law Student, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals his convictions of second degree burglary and theft. He assigns as error the trial court's failure to suppress evidence seized at the time of warrantless arrest in his motel room. We affirm.

At the suppression hearing the trial court found as follows:

While investigating the theft of cases of beer from a warehouse, Officer Hockett discovered footprints in the snow underneath a broken warehouse window. Near the window he found two cases of beer in which the bottles were broken. He surmised that these cases had been dropped from the window during the theft. Hockett followed the footprints through the snow directly to a nearby motel. The tracks led to a rear window of one of the motel rooms. In the snow underneath this window he found impressions consistent with the placement of heavy beer boxes. Hockett determined from the motel manager that the room was rented to defendant and that defendant was not in it. He awaited defendant's return but did not make contact before the end of his shift. He then informed Officer Ward about his investigation of the theft. Ward knew defendant to be under 21. Ward later went to the motel and contacted defendant in his room. Ward then noticed a number of beer bottles in the room and arrested defendant for being a person under 21 in possession of liquor.

Ward gave uncontradicted testimony that he knocked on defendant's motel room door and that when defendant opened the door he noticed a full six pack of beer inside. Ward then immediately stepped inside the room to arrest defendant for being a person under 21 in possession of liquor in violation of ORS 471.430. After effecting the arrest, Ward seized three cases of beer which were in plain view inside the motel room. Defendant was read his *Miranda* rights and later made incriminating statements, following which he was charged with burglary and theft.

[11]

In furtherance of the burglary investigation, Ward was entitled to knock on defendant's door and inquire about the theft. Once defendant opened the door and the beer came into plain view, there was evidence that the crime of minor in possession of liquor was being committed. Ward properly arrested the defendant.[1] ORS 133.310. The attendant seizure of evidence in plain view in the room was lawful. *State v. Girard*, 276 Or 511, 516, 555 P2d 445 (1976). *See* ORS 471.610.

Affirmed.

---

[1] Because of our disposition of this issue we need not address the applicability of *State v. Olson*, 287 Or 157, 165, 598 P2d 670 (1979), which precludes police officers from making a warrantless "forced entry into the home of the suspect" to effect his arrest, absent exigent circumstances. *See also State v. Jordan*, 288 Or 391, 605 P2d 646, *cert den* 449 US 846 (1980).