Argued and submitted March 16, affirmed in part;
reversed in part; and remanded for trial June 29,
reconsideration denied August 13,
petition for review denied September 22, 1981 (291 Or 662)

# STATE OF OREGON,
*Appellant,*

*v.*

# HECTOR PARRAS,
*Respondent.*

## (No. 27294, CA 19154)

630 P2d 410

Gary S. Thompson, District Attorney, Prineville, argued the cause and filed the brief for appellant.

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was arrested in his apartment and charged with rape in the first degree. In a prior appeal we determined that the arrest was unlawful. *State v. Parras,* 43 Or App 373, 602 P2d 1125 (1979), *rev den* (1980). On remand, the trial court entered an order suppressing evidence derived from the arrest. The state appeals. We affirm in part, reverse in part and remand for trial.

On Sunday, March 19, 1978, a county undersheriff received a report that a rape had occurred within the preceding two hours. The officer arrived at the scene approximately 25 minutes later and spoke with the victim, who explained that defendant had come to her apartment, pulled a knife, placing it to her throat, and forced her to go to his apartment, which was in the same complex. She described the incident, stating that defendant forced her to have intercourse with him, that he had used vaseline to facilitate penetration and that he was naked when he let her go. The victim also described the physical layout of defendant's apartment.

Within a few minutes a second officer arrived. The officers approached defendant's apartment and announced themselves but received no answer. Neither one of them was able to see into the apartment or hear any movement inside. They had been told, however, that defendant was still present, and his car was parked in front.

The officers obtained a pass key, entered the apartment and found defendant asleep in bed. They observed the arrangement of the apartment, the condition of the bedding on the bed, a container of vaseline and that defendant was nude when awakened. Defendant was arrested and taken into custody.

After booking the defendant, one of the deputies returned to the apartment to make sure it was secure. When the officer returned to the jail, he learned that defendant had attempted suicide and had been taken to a hospital. The deputy drove to the hospital, advised defendant of his *Miranda* [1] rights and handed him a consent form.

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

Defendant signed the form and agreed to talk. Defendant also signed a consent to search form and gave the officer a key to his apartment. The officer returned to the apartment and seized a hunting knife, the container of vaseline, bedding and various items of clothing fitting a description given by the victim.

At the first trial, defendant argued that there were no exigent circumstances justifying the warrantless arrest and moved to suppress the evidence seized and the testimony of the officers regarding their observations during both entries. The trial court found exigent circumstances, concluded the arrest was lawful and denied the motion. Defendant was convicted and appealed. We disagreed with the trial court's finding of exigent circumstances and reversed. In so doing, we held that "the trial court erred in denying defendant's motion to suppress." 43 Or App at 378.

On remand for new trial, defendant again moved to suppress the evidence. The state contested the motion, arguing that in the previous proceedings the court did not consider whether the connection between the illegal arrest and defendant's later consent to search the apartment had "become so attenuated as to dissipate the taint" of the illegality. *Wong Sun v. United States,* 371 U S 471, 491, 83 S Ct 407, 9 L Ed 2d 441 (1963); *see also,* ORS 133.683; *see generally,* 3 La Fave, Search and Seizure § 11.4 (1978). The court considered itself bound by our prior opinion and granted defendant's motion.

■ The officers' observations during their initial entry relate directly to the illegal arrest. As to those observations, there is no issue regarding "attenuation" or "dissipation of the taint." The trial court did not err in suppressing that portion of the officers' testimony.

■ The remaining evidence, resulting from defendant's consent, is secondary or derivative in relation to the arrest. In *Wong Sun,* the Supreme Court declined to "hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light *but for* the illegal actions of the police." 371 US at 487-88. (Emphasis supplied.) Instead, the court adopted the "attenuated connection" test. Under that test, secondary evidence presents the prosecution with two successive theories for admissibility.

First, the prosecution can argue there was no illegality. Second, the prosecution can argue that, even if there was illegality, the connection between the illegality and the evidence had become sufficiently attenuated to dissipate the taint. The second argument need not be made if the state succeeds on the first. That is what happened here. Initially, the state persuaded the trial court the arrest was lawful; it was unnecessary for the trial court to rule on the attenuation issue, and it made no such ruling.

■ On appeal, the parties and appellate court are usually limited to matters presented to the trial court. *State v. Hickmann,* 273 Or 358, 540 P2d 1406 (1975); *State v. Tucker,* 252 Or 597, 451 P2d 471 (1969). In the first appeal, defendant argued there were no exigent circumstances justifying the warrantless arrest and, citing *Wong Sun,* asserted that the evidence should have been suppressed. He naturally did not argue attenuation. The state responded only to the arguments relating to exigent circumstances, which was appropriate because that was the only issue presented to the trial court. Our decision addressed only the question of exigent circumstances. Our holding was that the trial court erred "in denying defendant's motion to suppress." In view of this appeal, that language could have been more precise. It would have been better to say the trial court erred in concluding there were exigent circumstances and in denying the motion to suppress for that reason.

Defendant argues that *State v. Hickmann, supra,* precludes the state from arguing a new theory of admissibility. In *Hickmann,* the police seized evidence during a warrantless search. The state failed to prove exigent circumstances, and the trial court suppressed the evidence. On appeal, this court affirmed on the issue of exigent circumstances but remanded for findings as to whether the defendant had consented to the police entry. *State v. Hickmann,* 21 or App 303, 534 P2d 1153 (1975). The Supreme Court reversed because the consent justification had not been raised at the trial court level. 273 Or at 361.

■ This case differs significantly. The state here is not trying to present a new theory to justify the arrest; it merely offers a theory of admissibility which it previously had no opportunity to present because the trial court

initially ruled in its favor. In *Hickmann* the trial court ruled against the state; there the state should have played all its cards prior to taking an appeal. We see no reason why the state should be penalized here because of its success at the first suppression hearing. Once the trial court determined the arrest was legal, the issue of attenuation became irrelevant; it was irrelevant on appeal; it was properly presented on remand.[2]

■ Determination of the historical facts relating to defendant's "consent" is a function performed by the trial court. *See Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). That determination was not made in either of the suppression hearings held in this case, so we cannot rule on the attenuation issue. The case is remanded to the trial court.

Affirmed in part; reversed in part; and remanded for trial.

---

[2] Defendant argues our prior holding is binding as "law of the case." That doctrine can foreclose relitigation when a ruling or decision has been made in a case and the same issue arises a second time in the same case. We have already said, however, that "attenuation" was not an issue in the previous proceedings. Additionally, even if our holding in the first appeal can be construed as a ruling on attenuation, that ruling would have been improper because the issue had not been raised at trial. Law of the case does not prevent a court from correcting its own errors. *See generally, Morley v. Morley,* 24 Or App 777, 547 P2d 636 (1976).