Argued and submitted August 4, 1983, affirmed in part,
reversed in part and remanded August 15, 1984

# STATE OF OREGON,
## *Appellant,*

### *v.*

# JOSEPH STOCKTON BRODY,
## *Respondent.*

## (82 0397; CA A26303)

686 P2d 451

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance by respondent.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

YOUNG, J.

Gillette, P. J., concurring.

## YOUNG, J.

The state appeals the pretrial suppression of marijuana seized from the cab of defendant's pickup truck following his arrest for driving while under the influence of intoxicants. ORS 487.540. He was later also charged with possession of a controlled substance. ORS 475.992(4). The issue is whether the warrantless search of the cab of the truck and the seizure of the marijuana found during the search were permissible under the state and federal constitutions. We hold that they were in part, reverse as to that part and remand.

Trooper Olson saw defendant driving a pickup truck erratically. He followed and pulled his patrol car in behind the truck as defendant parked in front of a restaurant. Defendant was alone, and Olson stopped him as he was leaving the truck. As Olson approached the truck, he smelled the odor of marijuana coming from defendant's person, his clothing and the inside of the cab. He also detected an odor of alcohol on defendant's breath.[1] At the same time he saw a pair of forceps holding a small, burning marijuana cigarette in the truck's ashtray. Olson asked defendant for identification. While defendant tried to find it, Olson went to his patrol car to get a tape recorder. When he returned, defendant had his driver's license ready, and the marijuana cigarette had disappeared. Olson read defendant the *Miranda* warnings, gave him field sobriety tests and arrested him for driving under the influence of intoxicants. At Olson's request, defendant retrieved the forceps and cigarette from underneath the seat of the pickup. Olson then handcuffed defendant and placed him in the back seat of the patrol car.

After placing defendant in the patrol car, Olson, with the assistance of another officer who had arrived, searched the pickup's cab.[2] He first examined a leather attache case on the seat next to the driver. It had no bulges or odor to attract any special attention. However, it was unzipped and by looking down into it Olson could see a fruit can lid with marijuana, seeds and cigarette papers lying in it. A further search turned

---

[1] Defendant later took a breathalyzer test. He registered .00.

[2] Olson testified that it is his policy after a DUII arrest "to make somewhat of a limited search through a vehicle."

up black capsules in the glove compartment.[3] Behind the seat he found a scale and a white plastic bag that had more marijuana in it. The trial court, relying on both the Fourth Amendment and on Article 1, section 9, of the Oregon Constitution, suppressed all the evidence except the forceps and marijuana cigarette. It held that there were no exigent circumstances justifying a warrantless search, because defendant was under arrest and the officers had custody of the vehicle.

■ On appeal the state argues that the search of the cab was proper as incident to defendant's DUII arrest.[4] We agree with the state as to the search of the attache case but not as to the rest of the search. We look first at the requirements of the Oregon Constitution. A search incident to arrest, if it is not necessary for the protection of the officer or the preservation of evidence—and this search was not—must be related to the crime for which the person was arrested and must be reasonable in scope, time and intensity. *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983); *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982); *State v. Elkins,* 245 Or 279, 442 P2d 250 (1966); *State v. Flores,* 68 Or App 617, 685 P2d 999 (1984); *State v. Fesler,* 68 Or App 609, 685 P2d 1014 (1984). It requires no probable cause beyond that for the arrest itself. *State v. Fesler, supra,* 68 Or App at 612. Here, Olson had arrested defendant for DUII, and he reasonably believed that one intoxicant involved was marijuana. Thus the cigarette, as well as being contraband itself, was evidence of the crime for which defendant was arrested.[5] Defendant had attempted to hide it by placing it under the seat. With these facts, it was reasonable for the officers to believe that they would find more evidence of DUII in the cab, and a limited search incident to the arrest for that evidence was reasonable. The question is whether the search that occurred was appropriately limited in its scope and intensity.

---

[3] The capsules did not result in any prosecution.

[4] The state does *not* argue that the discovery of the marijuana in the attache case gave the officers probable cause to arrest for felony possession of marijuana. ORS 475.992(4). Because it does not advance the "progressive probable cause" rationale, *see State v. Flores, supra,* 68 Or App at 630, we do not consider it.

[5] Olson did not have to accept defendant's statement, which he later partially retracted, that the cigarette had been left by a hitchhiker and that defendant had not smoked it.

■      In determining whether the intensity of a search was reasonable, we may consider the nature of the offense and the character of the offender as it was known to the police making the search. Some crimes are more likely to involve evidence that might be found in a search than are others, and that is also a factor in evaluating a search.

> "The nature of the crime for which an arrest is made and the character of the articles seized should have a direct bearing upon the question of reasonableness. So, also, should the knowledge the police may have of the criminal record and habits of the suspect, if relevant under the facts of a given case. Thus, a search in connection with an arrest of an ex-convict for a murder may properly exceed the allowable intensity of a search in connection with a traffic offense. Ordinarily, the seized articles must be in plain view, or, if not, then within the immediate control of the prisoner and accessible without unreasonable exploring, rummaging or ransacking." *State v. Chinn,* 231 Or 259, 267, 373 P2d 392 (1962). (Footnote omitted.)

■ ■      Defendant was under arrest for DUII. That arrest justified the seizure of the marijuana cigarette and the search of the open attaché case. However, what took place after the search of the case was "unreasonable exploring, rummaging or ransacking," at least when the sole justification is the arrest for that offense. Although DUII is a serious traffic offense, it is still only that—a traffic offense. A full search of the passenger compartment of a vehicle and the closed containers in it is not reasonable as incident to a DUII arrest even when, as here, the officer also discovers small amounts of intoxicants.[6] The extended search violated Article I, section 9.[7]

No part of the search violated the federal constitution. *See New York v. Belton,* 453 US 454, 101 S Ct 2860, 69 L Ed 2d 768 (1981).

Affirmed in part; reversed in part; and remanded.

---

[6] Defendant is a Washington resident who was simply passing through Albany. The officer did not know him or have any reason to believe that there was anything unusual about him, other than the facts giving rise to probable cause to arrest, so the other consideration described in *State v. Chinn, supra,* "knowledge * * * of the criminal record and habits of the suspect," is inapplicable.

[7] The state also seeks to justify the search on the basis of probable cause and exigent circumstances. We agree with the trial court that there were no exigent circumstances justifying the further warrantless search. *See State v. Kirsch,* 69 Or App 418, 686 P2d 446 (1984).

**GILLETTE, P. J.,** concurring.

I join in the lead opinion. I add only the following admonition concerning the precedential significance of cases like this.

This state's appeal fails because, as to the grounds preserved by the state and therefore arguable to us, the court's final order was not wrong. *See State v. Hickmann,* 273 Or 358, 540 P2d 1406 (1975). However, had the state argued the "progressive probable cause" theory of *State v. Flores,* 68 Or App 617, 630, 685 P2d 999 (1984), the outcome of this case might well have been different. *See State v. Brody,* 69 Or App 496, 472 n 4, 686 P2d 451 (1983).

Had this been a *defendant's* appeal after conviction, we would have been required to consider the alternative basis for affirming the conviction regardless of whether the state raised it. It is probably regrettable that the posture of these cases as they reach us—some as defendant's appeals, some as the state's—has such an impact: the very same set of facts can produce two antithetical appellate opinions, at least when viewed solely in terms of the result. Before attempting to rely on *any* appellate decision in the search and seizure area, therefore, counsel should always check to see who was appealing. The answer may significantly limit the sweep of otherwise broad language.