Submitted on record and briefs August 25, reversed and remanded for new trial
December 4, 1986

**STATE OF OREGON,**
*Respondent,*

*v.*

**JOHN WESLEY ELLETT, JR.,**
*Appellant.*

(C85-03-31141; CA A36926)

728 P2d 954

Craig P. Colby and Wall & Colby, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from a judgment of conviction for, among other crimes, assault in the fourth degree. ORS 163.160. He contends that the court erred in failing to suppress evidence seized by police without a warrant, because there were no exigent circumstances to justify their entry into his apartment. We agree and reverse.

In February, 1985, at approximately 2:14 a.m., police responded to a call at an apartment building. They followed a woman who left the building and elicited from her a story of having been threatened with torture in an apartment in the building. She led police to apartment E. The police knocked, but no one answered. The police then located the apartment manager, who opened the door with a passkey. Once inside, the police spotted articles on a coffee table which met the description the woman had given of some torture tools that she had been threatened·with, including a burnt plastic fork, three burnt matches, a book of matches and a small bottle with sharpened pins. The woman identified those as the items with which defendant had threatened her. The woman pointed to a dresser drawer from which she said that defendant had taken some dental tools to threaten her. The police found dental tools in an open envelope in the drawer. The woman also showed the police a chair in which she had hidden one of her earrings. She retrieved the earring from under the chair cushion.

The trial court found that there were probable cause and exigent circumstances to justify the entry. *State v. Davis,* 295 Or 227, 237, 666 P2d 802 (1983), states the applicable law:

> "We start with the proposition that warrantless entries and searches of premises are *per se* unreasonable unless falling within one of the few 'specifically established and well-delineated exceptions' to the warrant requirement. *Katz v. United States,* 389 US 347, 357, 88 S Ct 507, 19 L Ed 2d 576 (1967); *State v. Peller,* 287 Or 255, 598 P2d 684 (1979); *State v. Matsen/Wilson,* 287 Or 581, 601 P2d 784 (1979). The state has the burden of showing that circumstances existing at the time of entry invoke one of these exceptions. *State v. Matsen/ Wilson, supra.* Absent consent, a warrantless entry can be supported only by exigent circumstances, *i.e.,* where prompt responsive action by police officers is demanded. Such circumstances have been found, for example, to justify entry in

the case of hot pursuit, *United States v. Santana,* 427 US 38, 96 S Ct 2406, 49 L Ed2d 300 (1976), the destruction of evidence, *United States v. Kulcsar,* 586 F2d 1283 (8th Cir 1978), flight of a suspect, *Johnson v. United States,* 333 US 10, 68 S Ct 367, 92 L Ed 436 (1948), and where emergency aid was required by someone within, *United States v. Goldenstein,* 456 F2d 1006 (8th Cir 1972)."

This is a case in which the entry was made "absent consent." *State v. Carsey,* 295 Or 32, 664 P2d 1085 (1983). Therefore, the state has the burden to prove that the entry was justified by "exigent circumstances." The only exigency relied on by the police was to preserve the evidence. An officer testified:

"We felt that any evidence that might still be in the apartment could be destroyed very easily, so we felt we had to gain admittance to find any evidence that might be in there. Also to look for [victim's] property that she had hidden away."

Our analysis in *State v. Parras,* 43 Or App 373, 376, 602 P2d 1125 (1979), *rev den* 288 Or 335 (1980), is applicable:

"The state's case rests on mere possibilities as to what the defendant might have done if he were aware that the crime had been reported and that the police were on the scene. The arresting officer testified that he believed that the defendant *could* be destroying evidence, preparing an escape through a window, or planning to resist arrest, perhaps with the knife believed to be in his possession. The evidence, however, is that the police had no reason to believe that defendant was aware of their presence or that the crime had been reported. The officers could not see into the apartment and could not hear any activity within. They had no basis for believing that defendant was *likely* to be destroying, or preparing to destroy, evidence, or that he was preparing to escape." (Emphasis in original.)

In addition, we note that the other grounds for finding exigent circumstances, hot pursuit, flight of a suspect or that emergency aid may be required by someone in the premises, are not present. *State v. Davis, supra.* Because the police were not lawfully in the apartment, the plain view doctrine is not applicable to justify the seizures. Accordingly, we hold that the trial court erred in denying the motion to suppress.

Reversed and remanded for a new trial.