## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN MICHAEL HALLINAN,
*Appellant.*

(10-86-09534, 10-87-01670, 10-87-03172;
CA A44899 (Control), A44900, A44901)
(Cases Consolidated)

757 P2d 446

Marsha Mussehl, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his sentence. He was convicted of assault in the first degree, ORS 163.185, two counts of burglary in the first degree, ORS 164.225, attempted assault in the first degree, ORS 163.185; ORS 161.405, and assault in the fourth degree. ORS 163.160. The issue is whether the trial court erred in imposing a five-year mandatory minimum sentence for the use of a firearm. ORS 161.610. We affirm.

In one of the indictments, which were consolidated for trial, defendant was charged with assault in the first degree and burglary in the first degree. He entered the victim's house carrying a rifle. She ran out the back door, and he followed her. He hit her in the mouth with the butt of the rifle. She fell to the ground bleeding. He dropped the gun and started to walk away. She picked up the gun and ran into the house. He followed her, and they struggled over the gun. Her daughters and a friend tried to get defendant away from her. She hit him with some cans of dog food, and he left.

Defendant went to Schmidt's house. Schmidt tried to persuade defendant to turn himself in. Schmidt asked defendant whether he intended to shoot the victim. Defendant said that he had tried to pull the trigger, but that the gun had not fired; that was when he hit her.

Defendant was convicted on both charges and sentenced to twenty years. The trial court stated:

"Referring to ORS 161.610, I think it is incumbent on the Court to make a finding in appropriate circumstances of the enhancement penalty for use of a firearm, which defines a firearm as one which is to expel a projectile and which provides for conduct which included use or threatened use of a firearm operable or inoperable, and I think that covers the firearm in this case."

The court imposed a ten-year minimum, including a five-year minimum for use of a firearm. Defendant appeals that sentence.[1]

---

[1] Defendant also contends on appeal that the trial court erred in not ruling that, because he was intoxicated, he was not capable of forming the intent to commit the crimes. We do not reach that issue, because it was not raised below. *State v. Hickman,* 273 Or 358, 360, 540 P2d 1406 (1975).

Defendant contends that the trial court erred in imposing the gun minimum, because he used the gun as a striking weapon, not as a firearm. He argues that the legislature intended the gun minimum to apply only when a defendant shoots or threatens to shoot a gun. The state argues that the statute is not so limited and that defendant's use of the rifle was sufficient to permit imposition of the gun minimum. We need not decide whether defendant's understanding of the statute is correct, because he comes within the statute even as he understands it

ORS 161.610 provides, in relevant part:

"(1)   As used in this section, 'firearm' means a weapon which is designed to expel a projectile by the action of black powder or smokeless powder.

"(2)   The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

"(3)   Notwithstanding the provisions of ORS 161.605 or 137.010(2), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4)   The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a)   Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years."

Defendant did use a gun. Schmidt testified:

"Q.   Did you talk to him about the incident that occurred on November 6th?

"A.   Yes I did.

"Q.   What did he tell you about that?

"A.   I asked him if he really intended to use the rifle.

"Q.   What did he [sic] say?

"A. He said that he pointed it at her and pulled the trigger but the gun was either on safe or there wasn't a round chambered and it didn't go off and that's when he hit her."

That evidence was sufficient to invoke ORS 161.610. We find no error.

Affirmed.