Argued and submitted July 21, reversed and remanded November 24, 2004

# STATE OF OREGON,
*Appellant,*

*v.*

# DAVID LEO BARCLAY,
*Respondent.*

## C013143CR; A120435

100 P3d 1148

Jonathan H. Fussner, Attorney-In-Charge, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

John J. Tyner III argued the cause for respondent. With him on the brief was Tyner & Associates.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

The state appeals an order granting defendant's motion to suppress evidence. ORS 138.060(1)(c). We review the court's order for errors of law, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993), and reverse.

We state the facts based on the trial court's findings. Those findings are binding on our court if there is sufficient evidence in the record to support those findings. *Id.* at 74-75. At 3:00 a.m., officers Blaylock and Tannenbaum responded to a call of a possible domestic altercation at an apartment complex where a woman could be heard screaming the name "Davis." On arrival at the apartment complex, the officers attempted to locate the apartment that was the source of the disturbance. While investigating, the officers heard loud voices coming from a third-floor balcony and heard a female voice scream something that sounded like "Davis."

The officers went up to the third-floor apartment and knocked on the door. A male voice from inside said, "Come in." The officers knocked again and, this time, a female voice from inside stated, "I said come in, Goddamn it, and stop knocking." The officers entered the apartment and went out to the balcony from where the voices were coming. The officers found defendant and a female companion, Beth Jackson, on the balcony laughing and visibly intoxicated. After a brief exchange, the officers concluded there was no domestic altercation. As the officers were getting ready to leave, they noticed several marijuana plants in plain view. When asked about the plants, defendant replied that they were his.

Defendant was indicted for unlawful manufacture of a controlled substance, unlawful delivery of a controlled substance, and unlawful possession of a controlled substance. Defendant moved to suppress evidence of the marijuana plants on the ground that the officers illegally entered defendant's apartment. The trial court granted defendant's motion on the ground that the officers did not announce their identity before entering, stating:

"In this particular case, the police officers had no warrant. They just knocked on the door. They heard somebody say come in. * * * [T]here should be some type of obligation

on the police officers to at least announce who they are
before entering the premises[.]"

The state appeals, arguing that defendant consented
to the officers' entry into his apartment and that the "knock
and announce" rule does not apply. Defendant responds that
the trial court was correct in concluding that the officers
should have announced their identity before entering and
that he did not consent to the officers' entry because Jackson,
not defendant, told the officers to "come in."

The "knock and announce" rule is required in Oregon
by ORS 133.575(2), and by the Fourth Amendment to the
United States Constitution.[1] *See Wilson v. Arkansas*, 514 US
927, 930, 115 S Ct 1914, 131 L Ed 2d 976 (1995) (holding that
common-law "knock and announce" rule is "part of the
Fourth Amendment reasonableness inquiry"). Under the
rule, officers must first knock and announce who they are
and the authority and purpose of the entry. *See, e.g.*, ORS
133.575(2). However, the rule is required only in the execu-
tion of a warrant or where there are exigent circumstances
authorizing forcible entry; it "presupposes that the police
have a right to entry." *State v. Olson*, 287 Or 157, 161, 598
P2d 670 (1979). "In the absence of such a right, there is no
occasion to consider whether the 'knock and announce' rule
has been complied within a constitutionally proper manner."
*Id.* In this case, the officers were not executing a search or
arrest warrant and there were no exigent circumstances;
they had no right of entry that would have allowed them to
enter without consent. Therefore, we conclude that the offi-
cers had no duty to announce their identity.

Defendant also argues that Jackson was the one who
told the officers to "come in" and that she lacked actual
authority to give consent.[2] Under Article I, section 9, of the
Oregon Constitution, a third party must have actual author-
ity to give consent. *State v. Ready*, 148 Or App 149, 152-53,

---

[1] The "knock and announce" rule is not a requirement of the Oregon Constitu-
tion. *See State v. Ordonez-Villanueva*, 138 Or App 236, 240, 908 P2d 333 (1995),
*rev den*, 322 Or 644 (1996).

[2] Whether defendant was actually the one who gave consent to enter, or
whether Jackson had actual authority to give consent, was not argued to the trial
court.

939 P2d 117, *rev den*, 326 Or 68 (1997). However, the trial court specifically found that both defendant and Jackson told the officers to "come in." The first "come in" was in a male voice, and defendant was the only male in the apartment. Telling the officers to "come in" after they knocked on the door was an invitation for them to do so. *See State v. Drouhard*, 31 Or App 1083, 1085-86, 572 P2d 331 (1977), *rev den*, 282 Or 189 (1978) (affirming a warrantless entry into home after police knocked and heard a voice say "come in" because the entry was "invited"). Thus, defendant consented to the officers' entry into his apartment.

Reversed and remanded.