Argued and submitted November 21, 1991, reversed and remanded for new trial October 28, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## ROY BUNN,
*Appellant.*

(C9008-34686; CA A68797)

840 P2d 106

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992, after a trial to the court on stipulated facts and assigns error to the denial of his motion to suppress. We reverse.

At about 6:50 p.m. on August 16, 1990, Officer Smith saw two people standing at an intersection. One, defendant, was holding onto a stop sign to support himself when Smith drove up. Smith got out of his patrol car and, as he approached defendant, noticed an odor of alcohol, saw an unopened bottle of beer in a paper bag in the inside pocket of defendant's coat and determined that defendant was intoxicated. Smith then took the beer and handcuffed defendant "to take him to detox for his safety." He testified that defendant was cooperative and not belligerent and that he had no reason to believe that defendant possessed any weapons.

While patting defendant down before placing him in the patrol car, Smith felt something long and slender that felt like a syringe. He opened defendant's suit coat pocket and found two syringes. He noticed little bits of black residue that he believed to be tar heroin. Smith testified that, at that point, he believed that defendant might possess other heroin, and so he continued searching. In an outside pocket, he found a bottle cap and a piece of cotton with a dark substance on it. The syringes were discarded. The residues on the bottle cap and cotton were tested later and were determined to contain heroin. That evidence is the basis for the charge against defendant.

The trial court denied defendant's motion to suppress the evidence, concluding that it is appropriate for an officer to pat down an intoxicated individual before placing him in a patrol car. The court concluded that, because it was reasonable to pat down defendant, any evidence discovered as a result was admissible in the criminal trial.

The most recent decision involving this recurring problem is *State v. Lippert*, 112 Or App 429, 829 P2d 1020 (1992), in which we reviewed the decisions of the Supreme Court and of this court. In *Lippert*, as in *all* of the cases, the evidence was held to be inadmissible. We will not repeat what

we said in *Lippert*; we adhere to that analysis and that of the Supreme Court in *State v. Newman*, 292 Or 216, 637 P2d 143 (1981), *cert den* 457 US 1111 (1982); *State v. Perry*, 298 Or 21, 688 P2d 827 (1984); and *State v. Okeke*, 304 Or 367, 745 P2d 418 (1987). However, it bears repeating what the court said in *State v. Okeke, supra*:

> "Today's decision also does not deal with evidence found in a search upon individualized probable cause. It deals with the prosecutorial use of evidence seized in a routinized, unconsented search of the belongings of a person who has been detained by public officers not on suspicion of criminal conduct but ostensibly for the person's own good. The legislature's purpose in ORS chapters 426 and 430 was to decriminalize intoxication and instead offer its victims protective facilities until its disabling effect has worn off. We understand Hooper Center's concern that its personnel may have to take some steps that can constitute a 'search' of an intoxicated person's effects for the person's safety and that of the facility and other inmates. It would, however, contradict the legislative purpose and Article I, section 9 of the Oregon Constitution if an intoxicated person could be prosecuted on evidence seized when the person is taken by police officers to involuntary confinement in an official 'treatment facility' rather than to a police station, as in *Perry*." 304 Or at 373.

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

I dissent for the same reasons I expressed in my dissent in *State v. Lippert*, 112 Or App 429, 437, 829 P2d 1020 (1992).