Argued and submitted November 21, 1991, reversed and remanded for new trial
October 28, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT ALBERT BAILEY,
*Appellant.*

(90CR0974FE; CA A66034)

840 P2d 107

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Defendant appeals his convictions by a jury on four counts of forgery in the first degree, ORS 165.013. He assigns error to the denial of his motion to suppress evidence removed from his pocket during a routine inventory after he had been taken into protective custody pursuant to ORS 426.460.[1] We reverse.

Officer Cotterell saw defendant at 3:15 a.m., stumbling and staggering on a public sidewalk. He decided that defendant was intoxicated. He took defendant's name and did a routine record check. The two spoke for a couple of minutes, and Cotterell made inquiries about taking defendant to a hospital or a treatment facility. Neither of those options was available. Cotterell testified that he was concerned for defendant's safety if left on the street and about incurring civil liability. He decided to take defendant to the county jail for detoxification.

As part of the standard booking procedure that applied to criminal and noncriminal detainees, another detective, who did not testify at the hearing on the motion to suppress, pulled from defendant's back pocket a pad of blank checks bearing the name of Stephen C. Hinckley of Issaquah, Washington. The detective informed Cotterell what he had found. Defendant demanded to be read his rights, which Cotterell then did. After defendant refused to answer any questions about the checks, Cotterell telephoned Hinckley,

---

[1] ORS 426.460 provides, in part:

"(1) Any person who is intoxicated or under the influence of controlled substances in a public place may be taken or sent home or to a treatment facility by the police. However, if the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to the acceptance of assistance.

"* * * * *

"(3) In the absence of any appropriate treatment facility, an intoxicated person or a person under the influence of controlled substances who would otherwise be taken by the police to a treatment facility may be taken to the city or county jail where the person may be held until no longer intoxicated, under the influence of controlled substances or incapacitated."

who identified the checks as his. The checks were seized, defendant was interviewed and later, when sober, released.

When defendant was later charged with forgery, he moved to suppress the checks, arguing that evidence seized during an "unconsented search" of a person who has been detained on a noncriminal, nonemergency detoxification hold may not be used in a criminal prosecution. The trial court denied the motion, holding that the search was a proper part of booking for a "detox" hold. Assuming that the inventory was permissible, we held in *State v. Lippert*, 112 Or App 429, 829 P2d 1020 (1992), that evidence of crime seized during an inventory is not admissible. We have followed *Lippert* in *State v. Bunn*, 116 Or App 6, 840 P2d 106 (1992). In *Lippert*, we reviewed all of the decisions involving this question and pointed out that neither we nor the Supreme Court has *ever* held that evidence seized in noncriminal, nonemergency civil detoxification situations is admissible in a criminal prosecution. We observed that to hold otherwise would be to ignore the warning in *State v. Okeke*, 304 Or 367, 745 P2d 418 (1987), that we would run afoul of both the legislative purpose in enacting statutes that permit the seizure and detention of intoxicated persons and Article I, section 9.

We adhere to *Lippert*. The trial court erred in denying defendant's motion to suppress. ·

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

I dissent for the same reasons I expressed in my dissent in *State v. Lippert*, 112 Or App 429, 432, 829 P2d 1020 (1992).