On respondent's motion for reconsideration filed October 14, reconsideration allowed; opinion (116 Or App 6, 840 P2d 106 (1992)) withdrawn; affirmed December 22, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROY BUNN,
*Appellant.*

## (C9008-34686; CA A68797)

865 P2d 471

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, for the petition.

Sally L. Avera, Public Defender, and Steven V. Humber, Deputy Public Defender, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

The state seeks reconsideration of our opinion, 116 Or App 6, 840 P2d 106 (1992), which reversed defendant's conviction on the basis of our decision in *State v. Lippert*, 112 Or App 429, 829 P2d 1020 (1992). In that version of *Lippert*, we held that a cocaine paperfold is inadmissible if obtained without a warrant during a routine search of an individual taken into protective custody for detoxification.

■ The Oregon Supreme Court allowed review of *Lippert*, and reversed this court. *State v. Lippert*, 317 Or 397, 856 P2d 634 (1993). It held that, when an individual is justifiably placed in a detoxification facility and a valid inventory procedure exists and is followed, evidence of criminal activity found during the inventory by an officer who has probable cause to believe that the item is criminal evidence, is admissible in a criminal prosecution.

Here, defendant was convicted of possession of a controlled substance, ORS 475.992, after heroin was discovered in his pocket during a "pat down" search. The search had been conducted by an officer before placing defendant, who was intoxicated, in a patrol car for transport to a detoxification facility. The officer testified that it is the policy of his department to do a thorough pat down search for weapons before placing a person in a patrol car, for officer safety. During the pat down of defendant, the officer felt something long and slender that "felt like a syringe," which could be used as a weapon. The officer opened defendant's coat pocket and found two syringes. He noticed bits of a black material which he believed was tar heroin residue. Believing that defendant might possess other heroin, the officer continued to search. In another one of defendant's pockets, he found a bottle cap and a piece of cotton with more residue, which were found to contain heroin.

Defendant moved to suppress all of the evidence. The trial court found the officer to be credible and accepted his testimony as establishing the facts in this case. It held that the pat down was appropriate and that, after finding the syringes, the officer developed probable cause to believe he would find other evidence of crime, which justified his continued search. The court concluded that, because the pat down

was a reasonable officer safety procedure, the discovered evidence was admissible in a criminal trial.

On appeal, defendant argued that evidence seized during an unconsented search of a person detained on a noncriminal, non-emergency detoxification hold is inadmissible. On the basis of our decision in *Lippert*, we agreed and reversed defendant's conviction. On reconsideration, we now hold that, under the Supreme Court's decision in *Lippert*, the trial court did not err in denying defendant's motion to suppress.

■ It is undisputed that the officer was justified in taking defendant to a detoxification facility. A reasonable search policy existed, and the officer's actions were in accordance with that policy. The officer's experience allowed him to identify the residue as tar heroin and gave him probable cause to believe the residue was criminal evidence that he was allowed to have tested without a warrant. No closed container was opened, the search of defendant's pocket did not exceed the scope required under the circumstances, and the officer was entitled to seize the evidence of a crime. Accordingly, the evidence was admissible in the subsequent criminal prosecution.

Reconsideration allowed; opinion withdrawn; affirmed.