Argued and submitted April 27, remanded for resentencing; otherwise affirmed
September 6, 1995

STATE OF OREGON,
*Respondent,*

*v.*

KANDEL D. ASHLEY,
*Appellant.*

(93-05-33458; CA A82621)

902 P2d 123

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from the sentences imposed after he was convicted of attempted murder, assault in the first degree, two counts of assault in the second degree and four counts of burglary in the first degree. ORS 163.115; ORS 163.185; ORS 163.175; ORS 164.225. We remand for resentencing.

The sentencing court imposed a sentence of 36 months incarceration on the attempted murder count. To run consecutively to that term, the court imposed incarceration terms on four of the remaining convictions. The total incarceration term for the consecutive sentences was 144 months. Defendant argues that the maximum consecutive sentence that could have been imposed without a departure was 72 months. He argues that, because the court did not depart, the incarceration term violated the "200 percent rule" of ORS 253-12-020. *See State v. Davis*, 315 Or 484, 491-92, 847 P2d 834 (1993).

■      Defendant acknowledges that he did not object to the length of the consecutive sentences, but urges that we review the error as one apparent on the face of the record. ORAP 5.45(2). The state contends that the error is not an error of law on which the legal point is obvious, not reasonably in dispute. *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993). It argues that, under OAR 253-08-007, the court could have imposed consecutive departure sentences in which the maximum term of imprisonment could equal four times the primary presumptive term, the "400 percent rule." Under that rule, the upper limit would be 144 months.

However, the written judgment states that the sentences are presumptive, to be served consecutively. No departure factors are shown. The total term of that judgment exceeds the 200 percent rule. An increase of 72 months incarceration is prejudicial, and we exercise our discretion to review it. *State v. Rood*, 129 Or App 422, 425, 879 P2d 886 (1994).

■      The state argues that, if we do review defendant's claim of error, we should reject it. It contends that the "presumptive sentence" on the written judgment was a "misnomer" because it is clear from the sentencing hearing that

the court was aware of the 400 percent rule, OAR 253-08-007(3), and intended to apply the maximum term available. However, as we noted in *Rood*:

"Generally, when a written judgment and oral ruling conflict, the trial court's decision is governed by the signed order, regardless of the evidence of the judge's contrary intent. The rationale for this rule is that, between the time of the hearing and the signing of the judgment, the sentencing judge may change his or her mind as to the appropriate sentence. However, we have recognized a limited exception where, because of an obvious clerical error, the judgment is internally inconsistent and ambiguous on its face. In such instances, we may look at the record to determine the court's true intent and instruct the trial court to modify the sentence accordingly." *Id.* at 425-26 (citations omitted).

The error here is not an obvious clerical one, nor do we find the judgment internally inconsistent and ambiguous on its face. We remand the entire case for resentencing. ORS 138.222(5).

■ Defendant also argues that the court erred in entering four separate convictions for burglary in the first degree. We agree with the state that that error is not preserved in a posture capable of review. Two of the burglary counts alleged that the dwelling was occupied and that defendant caused or threatened physical injury to two different victims. Two counts alleged burglary while armed with a deadly weapon. Defendant's argument to the court was:

"The one legal matter that I meant to tell the Court, and I should [have] started out with, is that we feel that the burglary charges should merge here as far as sentencing.

"There — our position is that there was one illegal entry with one illegal intent and therefore should be one Burglary I or at most 2 if you take into account there were two victims in this case. And we should like the Court to consider that as well."

On appeal, although defendant contends that the trial court's error was in sentencing him on the burglary convictions, he does not ask that the sentences be merged. He argues that, because there was only one burglary, it was error to use sentencing enhancements as elements for multiple offenses. He contends that only one conviction for burglary

should have been entered. Defendant's arguments raise issues involving the relationship of sentencing enhancement factors to the statutory elements of burglary offenses. Defendant did not present those arguments with clarity for the trial court's consideration and resolution, and we will not consider them when made for the first time on appeal. *See State v. Martin*, 135 Or App 119, 123, 897 P2d 1187 (1995).

Remanded for resentencing; otherwise affirmed.