Argued and submitted July 24, 1996, reversed and remanded April 16, petition for review denied October 21, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## RONALD EMMETT SPICER,
*Respondent.*

## (95C-21159; CA A90794)

936 P2d 1005

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

The state appeals from a pretrial order suppressing the results of defendant's field sobriety tests. ORS 138.060(3). Relying on *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), the trial court ruled that all of the tests performed by defendant were "testimonial" under Article I, section 12,[1] of the Oregon Constitution. We have since held otherwise. *State v. Nielsen*, 147 Or App 294, 936 P2d 374 (1997). Accordingly, we reverse and remand.

On December 17, 1994, a deputy sheriff stopped defendant's vehicle after observing him speeding and drifting from lane to lane without signaling. On contacting defendant, the deputy believed that she had probable cause to arrest him for driving under the influence of intoxicants (DUII). ORS 813.010.[2] Before arresting him, however, she asked him to perform several field sobriety tests and advised him that his refusal or failure to do so could be used against him in court. ORS 813.136.[3] Defendant complied.

Defendant first performed the Horizontal Gaze Nystagmus (HGN) test,[4] in which the deputy asked defendant to move his eyes in a particular way. Defendant was asked no questions and made no statements during this test.

In the walk-and-turn test, the deputy instructed defendant to walk heel-to-toe nine steps, counting each step aloud and keeping his hands at his sides, then turn in the specified manner and walk nine steps back. Defendant

---

[1] Article I, section 12, provides, in part:

"No person shall be * * * compelled in any criminal prosecution to testify against himself."

[2] The trial court also ruled that the deputy had sufficient probable cause to arrest before administering the field sobriety tests. *State v. Nagel*, 320 Or 24, 880 P2d 451 (1994). On appeal, defendant does not challenge that ruling.

[3] ORS 813.136 provides:

"If a person refuses or fails to submit to field sobriety tests as required by ORS 813.135 [the implied consent law], evidence of the person's refusal or failure to submit is admissible in any criminal or civil action or proceeding arising out of allegations that the person was driving while under the influence of intoxicants."

[4] For a complete description of this and other tests referred to in this opinion, see *Fish*, 321 Or at 72-75 (Gillette, J., concurring in part; dissenting in part).

walked heel-to-toe and counted correctly, but used his arms for balance and did not turn correctly.

The deputy next asked defendant to do the one-leg-stand test, in which a suspect stands erect with his heels together and arms at his sides, and then raises one foot six inches off the ground while counting. Defendant stated that he could not perform this test "even if he were sober."

In the Romberg test, the deputy instructed defendant to recite a portion of the alphabet while standing with his feet together, arms at his sides, eyes closed and head tilted slightly back. Defendant omitted some letters and swayed while speaking.

Finally, defendant attempted the finger-count test, in which he was asked to touch his thumb to each finger while counting 1-2-3-4, and back again, counting 4-3-2-1. Defendant miscounted, did not touch his fingers individually as instructed and repeated the test more times than he was asked. The deputy then placed defendant under arrest for DUII.

■　The trial court suppressed the results of all the field sobriety tests. It first excluded the "verbal" aspects of those tests (counting and reciting the alphabet) as testimonial under *Fish*. It further reasoned that the "physical" components were themselves testimonial and suppressed them as well. The state assigns error to both rulings. We begin by addressing the "verbal" components of the tests performed by defendant.

In *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), the defendant refused to perform field sobriety tests after being told that his refusal to do so could be used against him in court. 321 Or at 50. The Supreme Court held that evidence of the refusal was inadmissible under Article I, section 12, because the defendant was required "to choose between two options [performing or refusing the tests], neither of which the state could compel defendant to take." *Id.* at 60.

The court reasoned that the refusal to perform the tests was "testimonial" because the act of refusal "inferentially may communicate the person's belief—that the person refused to perform the tests because he or she believed that

the performance of the tests would be incriminating." 321 Or at 56. Had the defendant performed the tests, the results also would have been "testimonial" and thus inadmissible, because aspects of the tests involving counting, answering questions about residence and date of birth, estimating a period of time and reciting the alphabet "require the individual to communicate information to the police about the individual's beliefs, knowledge, or state of mind."[5] 321 Or at 60. Because both options required the defendant to "testify" against himself, neither was constitutionally permissible. *Id.*

We agree with the trial court that the "verbal" aspects of defendant's performance were clearly testimonial under *Fish*. 321 Or at 60. Accordingly, the court properly excluded evidence of defendant's counting in the walk-and-turn and finger-count tests, and reciting the alphabet in the Romberg test.

■      We do not agree, however, with the court's ruling on the "physical" components of those tests. In *Nielsen*, 147 Or App at 306, we drew the following conclusions from *Fish*:

> "First, from *Fish*, we understand that 'testimony' is the communication by words or conduct of an individual's thoughts, beliefs or 'state of mind.' Thus, purely verbal answers to purely verbal questions ('On an intoxication scale of 1 to 10, I think I rank a 2.') are testimony, as are answers by conduct to the same question (holding up two fingers to self-rank intoxication on a 1 to 10 scale). * * * [W]e also understand that, as a general rule, tests that produce physical evidence of an individual's intoxication are not testimonial. Thus, a test that reveals an individual's intoxicated state, without requiring the individual to reveal his or her thoughts, beliefs or 'state of mind,' is not testimonial."

Based on that reasoning, we rejected the defendant's assertion that *all* of the field sobriety tests in *Nielsen* were testimonial. *Id.* at 302. We held that the "divided attention" tests, in which the suspect is asked to count or recite the

---

[5] Because the officer in *Fish* did not specify which tests he wished the defendant to perform, and the defendant refused to perform *any* test, the court reasoned that, if any of the tests involved testimonial components, then the request to perform field sobriety tests was a request for testimonial evidence. 321 Or at 59.

alphabet while performing physical tasks, generally were not intended to elicit the suspect's thoughts, beliefs or state of mind, but rather to test the suspect's ability to perform *physical* tasks while distracting him with a verbal task. *Id.* at 306-07.[6]

Under that rationale, the trial court in this case erroneously characterized the physical aspects of the field sobriety tests as testimonial.[7] Accordingly, the court should have admitted evidence of defendant walking heel-to-toe, using his arms for balance and turning incorrectly in the walk-and-turn test, of his swaying during the Romberg test and of the manner in which he touched his thumb to his fingers in the finger-count test.[8] Also, evidence of the HGN test is admissible in its entirety; it is a purely *physical* test, the deputy did not request a verbal response and none was given.

■ The state next assigns error to the suppression of defendant's statement that he could not perform the one-leg stand test "even if he were sober." That statement is evidence showing that defendant failed to perform the test. Under *Fish*, when police advise a person that the refusal or failure to submit to field sobriety tests could be used against him in court, evidence of the person's *refusal* is inadmissible under Article I, section 12, if performance of the requested test would be testimonial. 321 Or at 56-60. The same analysis

---

[6] In *State v. Nielsen*, 147 Or App 294, 307-09, 936 P2d 374 (1997), we addressed the walk-and-turn test, the one-leg-stand test and the "modified" Romberg test.

[7] We do not decide whether the *combination* of nontestimonial and testimonial components somehow affected defendant's performance of the physical tests sufficiently to transform them into "testimony." Neither *Fish* nor *Nielsen* resolved this issue, nor do we address it here. The parties did not raise that question, and the trial court, although considering it, did not resolve it, stating that "there was no evidence at [the suppression hearing] that would either particularly support or oppose this argument." In the absence of such evidence, that question is not capable of review.

[8] Defendant argues that the state did not make a "partial admissibility" argument below, and we should therefore not consider it on appeal. We disagree. The determination of whether failure to raise a particular contention—whether styled as an "issue" or an "argument"—before a trial court precludes appellate review of that contention may depend on a variety of considerations, including fairness to opposing parties and counsel, impact on record development, judicial economy and efficiency, and comity. *See, e.g., State v. Martin*, 135 Or App 119, 123-24, 897 P2d 1187 (1995); *Lutz v. State of Oregon*, 130 Or App 278, 881 P2d 171 (1994) (Haselton, J., concurring). Those factors do not preclude review of the state's "partial admissibility" contention in this case. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988).

applies to a person who "fails" to submit to a field sobriety test. *Id.* at 56 ("the fact that a person refused *or failed* to perform field sobriety tests inferentially may communicate the person's belief").

As administered in this case, the one-leg stand test involved counting, which the *Fish* court held was "testimonial." *Id.* at 60. Because defendant's statement that he could not do that test "even if he were sober" is evidence of his failure to perform it, it is inadmissible under *Fish*. The trial court properly excluded the statement.

Reversed and remanded for proceedings consistent with this opinion.