Argued and submitted June 5, 1996, reversed and remanded April 16, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## PATRICIA LYNN GILE,
*Respondent.*

## (94D102833; CA A90532)

936 P2d 1008

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David L. DenHartigh argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The state appeals a pretrial order suppressing evidence of defendant's performance of certain field sobriety tests, contending that the trial court erred in concluding that all of the tests are "testimonial" in nature and therefore subject to the right against self-incrimination contained in Article I, section 12, of the Oregon Constitution. Defendant argues that the trial court correctly concluded that all of the field sobriety tests are testimonial and that evidence of the results of those tests properly was suppressed. We conclude that one of the tests is testimonial in nature and subject to the privilege against self-incrimination, but that the balance are not. We therefore reverse and remand.

The facts are not in dispute. Deputy Lattin stopped at the scene of a motor vehicle accident in which defendant was involved as a driver of one of the automobiles. When Lattin approached defendant, she smelled the odor of alcohol and observed that defendant had bloodshot, watery eyes and slurred speech. She noticed that defendant seemed distracted and had problems focusing on what Lattin was saying. Believing that defendant was under the influence of intoxicants, Lattin asked defendant to perform field sobriety tests and told defendant that if she refused to take the tests, her refusal could be admitted against her in court. Lattin then administered a Horizontal Gaze Nystagmus (HGN) test, which required defendant to focus on an object moved in front of her face at a distance of approximately 12 to 15 inches. OAR 257-25-020(1)(a). Lattin noted that defendant appeared distracted and had to be reminded several times to follow instructions. Lattin also administered a walk-and-turn test and noted that defendant could not walk heel-to-toe on a number of the steps. Lattin then administered a one-leg-stand test and noted that defendant could not maintain her balance. Lattin then administered the Romberg test, which required defendant to stand with her arms at her sides with her feet together, to tilt her head back and close her eyes and to recite the alphabet. Defendant failed to close her eyes or tilt her head back while reciting the alphabet. Finally, Lattin administered a finger-count test and noted that defendant incorrectly counted backwards from four while touching her

fingers in proper sequence. Defendant ultimately was charged with driving under the influence of intoxicants.

Defendant moved to suppress evidence of the results of the field sobriety tests, arguing that, under the Supreme Court's decision in *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), she could not be placed in the dilemma of being required either to give testimony against herself by taking the field sobriety tests or to have her refusal admitted against her at trial. The state argued that defendant was not placed in such a dilemma, because the tests involved in this case produced only physical evidence of her intoxication and therefore were not "testimony." In a lengthy and thoughtful written opinion, the trial court struggled with the Supreme Court's decision in *Fish* and concluded that, under that decision, all field sobriety tests are testimonial in nature. On that basis, the court granted the suppression motion.

In *Fish*, the Supreme Court held that, under Article I, section 12, of the Oregon Constitution, individuals cannot be placed in the position of having to choose between giving testimony or having the failure to give such testimony admitted into evidence at trial. The court held that certain field sobriety tests—specifically, counting, answering questions about residence and date of birth, estimating periods of time and reciting the alphabet—are testimonial in nature. *Fish*, 321 Or at 60. It then concluded that police officers cannot inform individuals that they must either take the tests or risk the evidence of their refusal being admitted at trial. The court expressly refrained from determining whether any other field sobriety tests are testimonial in nature. *Id.* at 59 n 6.

In *State v. Nielsen*, 147 Or App 294, 936 P2d 374 (1997), we addressed the question left open in *Fish*, namely, whether other field sobriety tests are testimonial in nature and therefore subject to the privilege against self-incrimination. We concluded that the HGN test produces only physical evidence and therefore is not testimonial.[1] We concluded that

---

[1] Whether the HGN test produces only physical evidence was not, strictly speaking, before us in *Nielsen*. The dissenting opinion, however, noted the HGN test as an example of a test that would be subject to the physical evidence rule, and,

the walk-and-turn test similarly produces only evidence that an individual cannot maintain physical balance and therefore is not testimonial. *Id.* at 307-08. We concluded that, although the one-leg-stand test may require testimony in the form of counting, because the defendant in that case raised no objection as to the counting, the balance of the test, relating solely to the defendant's ability to maintain balance, is not testimonial. *Id.* at 308. Finally, we held that, although the Romberg test required the defendant to testify by reciting the alphabet, because he recited it correctly there was no harm in admitting that evidence, and the remaining results pertained solely to physical balance and therefore are not testimonial. *Id.* at 309.

In this case, the same tests were administered, with the addition of the finger-count test, which provided evidence that defendant counted backward incorrectly. Under *Fish*, evidence of defendant's incorrect verbal counting is testimonial. *Fish*, 321 Or at 60. Therefore, the trial court correctly suppressed that evidence. There is no evidence, however, that the combination of nontestimonial and testimonial components of this test somehow affected defendant's performance of the physical components of the counting test sufficient to transform it into "testimony." Accordingly, evidence of defendant's performance of the physical components of the counting test should not have been suppressed. *See State v. Spicer*, 147 Or App 418, 936 P2d 1005 (1997) (drawing distinction between verbal and physical components of finger-count test). In all other respects, this case is controlled by our decision in *Nielsen*. The HGN test, as we explained in *Nielsen*, is not testimonial. The walk-and-turn test produced only evidence of defendant's imbalance and therefore did not run afoul of *Fish*. The one-leg-stand test may have required defendant to count, but Lattin did not testify about defendant's counting. Thus, the only evidence that the test produced was nontestimonial. Similarly, the Romberg test required defendant to recite the alphabet, but there is no evidence that defendant recited it incorrectly, so, as in *Nielsen*, any evidence resulting from that test is harmless.

---

albeit in *dictum*, we concurred in that observation. We now explicitly hold that to be the case.

We conclude, therefore, that the trial court erred in suppressing the evidence of the HGN, walk-and-turn, one-leg-stand and Romberg tests.

Reversed and remanded.