# STATE OF OREGON,
*Appellant,*

*v.*

# DAVID B. ANDERSON,
*Respondent.*

## (95D103197; CA A93001)

940 P2d 246

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally A. Avera, Public Defender.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Landau, Judge.

RIGGS, P. J.

**RIGGS, P. J.**

In this prosecution for Boating under the Influence of Intoxicants, ORS 830.325, the state assigns error to the trial court's pretrial suppression of evidence of all field sobriety tests administered to defendant. Because we agree with the state that the nontestimonial aspects of those tests were admissible, *State v. Nielsen*, 147 Or App 294, 936 P2d 374 (1997), we reverse the trial court's ruling and remand.

While investigating the cause of the capsizing and sinking of defendant's rented motor boat, police officers administered multiple field sobriety tests. Relying on *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), the state conceded that the tests that involved testimony, *i.e.*, that required defendant to reveal his subjective thoughts, were inadmissible. The state argued, however, that the tests that had physical components, the palm-pat test (opening and closing joined palms with increasing speed), the finger-to-nose test (touching fingers to nose with eyes closed), walk-and-turn test (walking heel-to-toe nine paces out and nine back without falling off a line), the one-leg-stand test (standing on one foot without rocking or putting foot down) and horizontal gaze nystagmus test (HGN) all should have been admitted. The trial court ruled that all of the tests performed by defendant were testimonial under Article I, section 12, of the Oregon Constitution.

■■ In *Nielsen, State v. Spicer*, 147 Or App 418, 936 P2d 1005 (1997), and *State v. Gile*, 147 Or App 469, 936 P2d 1008 (1997), we explained that the testimonial aspects of each of the tests should be suppressed. Otherwise, the test results are admissible. As we held in *Nielsen*, the HGN and walk-and-turn tests are not testimonial and are admissible in their entirety. The physical aspects of the one-leg-stand test are not testimonial and are admissible. There is no record about how defendant performed the other tests and whether they had testimonial components to them. On remand, the court should reconsider its ruling regarding the palm-pat and finger-to-nose tests in the light of our three opinions applying *Fish*.

Reversed and remanded.