On appellant's petition for reconsideration filed February 24, reconsideration allowed; former opinion (225 Or App 610, 202 P3d 205) modified and adhered to as modified April 15, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLENN CHARLES PARKER,
*Defendant-Appellant.*

Multnomah County Circuit Court
0606-47424; A134163

206 P3d 259

Peter Gartlan, Chief Defender, and Elizabeth Corbridge Ranweiler, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant petitions for reconsideration of our decision in *State v. Parker*, 225 Or App 610, 202 P3d 205 (2009). There, we remanded the case to the trial court, under Article I, section 9, of the Oregon Constitution, to address, and render findings, as to whether defendant had the requisite subjective belief under a *Holmes* "type (b)" inquiry,[1] with instruction to reinstate defendant's conviction should it find that defendant did not have the requisite subjective belief. *Parker*, 225 Or App at 616-17. Because we remanded under the state constitution, we did not address defendant's federal constitutional claim. *Id.* at 612 n 2. Defendant contends, in part, that an error in the disposition of the appeal, ORAP 6.25(1)(b), necessitates reconsideration.[2] Specifically, defendant contends that our direction to the trial court in the final paragraph of the opinion was deficient because, in defendant's view, we should have instructed the trial court that, even if it finds that defendant "did not have the requisite subjective belief," 225 Or App at 617, it cannot reinstate defendant's conviction without first considering the substance of defendant's challenge under the Fourth Amendment to the United States Constitution. For the reasons set forth below, we modify our former opinion and adhere to our opinion as so modified.

In framing our analysis at the beginning of our opinion, we explained that defendant had also raised a federal constitutional challenge, but that we would not reach that contention because our disposition rested on state constitutional grounds:

> "Defendant also contends that he was unlawfully seized under the Fourth Amendment to the United States Constitution. Because we remand under Article I, section 9,

---

[1] In *State v. Holmes*, 311 Or 400, 409-10, 813 P2d 28 (1991), the Supreme Court held that a person is "seized" for purposes of Article I, section 9, and therefore stopped,

> "(a) if a law enforcement officer intentionally and significantly restricts, interferes with, or otherwise deprives an individual of that individual's liberty or freedom of movement; or (b) whenever an individual believes that (a), above, has occurred and such belief is objectively reasonable in the circumstances."

[2] Defendant raises an additional ground for reconsideration, which we reject without discussion.

of the Oregon Constitution, we do not reach defendant's federal constitutional claims. *See MacPherson v. DAS*, 340 Or 117, 125-26, 130 P3d 308 (2006) (Oregon courts analyze state constitutional challenges before turning to federal constitutional challenges)."

225 Or App at 612 n 2.

We then addressed the proper application of Article I, section 9, to the circumstances of defendant's encounter with the police, applying the analysis of *State v. Ashbaugh*, 225 Or App 16, 23-24, 200 P3d 149 (2008). *Parker*, 225 Or App at 614-16. We concluded that, under a *Holmes* "type (b)" formulation, the circumstances of this case satisfied the "objective" component of that formulation but that a remand was required for the trial court to render a finding as to the "subjective" component, *viz.*, "whether, before [the officer] elicited defendant's consent to search, defendant subjectively believed that the officers had significantly restricted his freedom of movement." *Id*. at 616.

In the final paragraph of our opinion, we prescribed the scope of remand:

"If the court finds that the state has proved that defendant did not have the requisite subjective belief, *the court should reinstate defendant's conviction*. If the court determines that defendant did subjectively hold that belief, however, the evidence found during the search of defendant's person must be suppressed."

*Id*. at 617 (emphasis added).

The gravamen of defendant's argument on reconsideration is that our instruction to the trial court was incorrect because we should have directed the trial court that, if it renders a finding adverse to defendant as to the *Holmes* "type (b)" subjective component, it cannot reinstate his conviction unless it also considers, and rejects, his Fourth Amendment arguments. Defendant does *not* contend that *we* should have reached his Fourth Amendment contentions on appeal before directing a remand.

Defendant's position is puzzling. In moving to suppress, defendant did invoke the Fourth Amendment, albeit in cursory fashion (see below)—and the trial court, in denying

suppression, necessarily rejected defendant's reliance on the Fourth Amendment. It makes no sense to remand to the trial court with an explicit direction to consider a federal constitutional challenge that it has already rejected. Indeed, such a direction on remand would only make sense, practically from defendant's perspective, in order to give defendant the opportunity to raise a "new and improved" Fourth Amendment argument to the trial court—in effect, to give defendant a "second bite" at the federal constitutional "apple" in the context of a remand necessitated solely by the exigencies of the state constitutional analysis. That we will not do.

What *does* make sense, prudentially and practically, is for us to now consider defendant's Fourth Amendment challenge, instead of requiring defendant to reiterate that challenge on a second appeal in the event that his conviction is reinstated on remand. Not coincidentally, reaching defendant's federal constitutional contentions now would comport with our course in *Ashbaugh.*

In *Ashbaugh*, as here, we similarly remanded to the trial court for a finding of defendant's subjective belief under a *Holmes* "type (b)" inquiry with instruction to reinstate defendant's conviction should the trial court find defendant did not have the requisite subjective belief. 225 Or App at 28. In doing so, we did not defer consideration of the defendant's Fourth Amendment challenge. Instead, we reached the defendant's federal constitutional arguments, but determined that the defendant "fail[ed] to present any 'thorough and focused constitutional analysis' " and, thus, "decline[d] to address her federal claim"—in effect, rejecting that claim as unreviewable. *Id.* at 20 n 2 (quoting *State v. Thompson*, 328 Or 248, 254 n 3, 971 P2d 879, *cert den*, 527 US 1042 (1999)).

We turn, then, to defendant's federal constitutional challenge. That challenge, as framed on appeal, was unpreserved. Defendant's three-sentence Fourth Amendment argument in his written motion to suppress, which was never again raised or argued at the suppression hearing, was so undeveloped that it failed to alert the trial court as to the substance of the contention now being advanced on appeal. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Accordingly, we decline to address it.

Reconsideration allowed; former opinion modified and adhered to as modified.