08-4354-cr
USA v. Barrios

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge*.*

──────────────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,


> v.                                                    No. 08-4354-cr

RAFAEL BARRIOS,

> *Defendant-Appellant.*


──────────────────────────────────────────────

For Defendant-Appellant:                    TINA SCHNEIDER, Portland, ME

─────────────────────────

*    The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                          DAVID A. O'NEIL, Assistant to the Solicitor General
                                       (Katherine Polk Failla, Assistant United States Attorney, *on
                                       the brief*) *for* Preet Bharara, United States Attorney for the
                                       Southern District of New York, New York, NY


Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Defendant-Appellant Rafael Barrios was convicted following a jury trial of possession with intent to distribute cocaine, and possessing a firearm in furtherance of, and carrying the firearm during and in relation to, a drug trafficking crime. He was sentenced to 83 months' imprisonment, followed by two terms of three years' supervised release to run consecutively. On appeal, Barrios argues that the district court's judgment should be reversed because the district court (Cote, *J.*) wrongly denied his motion to suppress the fruits of the inventory search of his vehicle that yielded the cocaine. We assume the parties' familiarity with the facts and procedural history of the case.

Barrios argues that the impoundment of his vehicle, which preceded the inventory search, violated the Fourth Amendment because vehicle impoundments under the police community caretaking function must be made pursuant to standardized procedures and there is no evidence that standardized procedures were followed in this case. Because Barrios did not make this argument to the district court, we review his claim for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Under plain error review, we may notice

-2-

an error only if it is plain and affects the substantial rights of the defendant. *Olano*, 507 U.S. at 732. "An error is plain if the ruling was contrary to law that was clearly established by the time of the appeal." *United States v. Polouizzi*, 564 F.3d 142, 156 (2d Cir. 2009) (internal quotation marks omitted). We conclude that even if there were error here, a question we do not reach, it would not be plain because the law of this Court does not clearly establish that vehicle impoundments under the police community caretaking function must be made pursuant to standardized procedures. Indeed, there is a split among the circuits on this question, and this Court has not yet addressed it. *Compare United States v. Proctor*, 489 F.3d 1348, 1354 (D.C. Cir. 2007) (requiring standardized procedures to be followed), *United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004) (same), *and United States v. Duguay*, 93 F.3d 346, 351 (7th Cir. 1996) (same), *with United States v. Smith*, 522 F.3d 305, 312 (3d Cir. 2008) (declining to require standardized procedures), *and United States v. Coccia*, 446 F.3d 233, 239 (1st Cir. 2006) (same). Accordingly, we affirm Barrios's conviction.

Barrios was sentenced to two terms of three years' supervised release to run *consecutively* following his term of imprisonment. By statute, "[t]he term of supervised release commences on the day the person is released from imprisonment and runs *concurrently* with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject during the term of supervised release." 18 U.S.C. § 3624(e) (emphasis added). The parties agree that this was plain error, although Barrios had not initially raised it. We therefore remand his case to the district court for the sole purpose of entering a corrected judgment specifying that the two terms of supervised release are to run concurrently. *See* 18 U.S.C. § 3742(f)(1).

For the foregoing reasons, Barrios's conviction is **AFFIRMED**; Barrios's sentence is **VACATED** insofar as it requires him to serve two terms of supervised release consecutively; and we remand for resentencing. Judgment **AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK