On respondent's petition for reconsideration filed September 8, and appellant's response to petition for reconsideration filed September 14, reconsideration allowed; former opinion (236 Or App 391, 236 P3d 834) modified and adhered to as modified November 10, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD CHAVES GONZALES,
*Defendant-Appellant.*

Washington County Circuit Court
C072951CR; A138187

243 P3d 116

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Linda Wicks, Assistant Attorney General, for petition.

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, for response.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

ROSENBLUM, P. J.

**ROSENBLUM, P. J.**

The state petitions for reconsideration of our decision in *State v. Gonzales,* 236 Or App 391, 236 P3d 834 (2010), in which we reversed the trial court's denial of defendant's motion to suppress and remanded for a new trial. The state argues that we erroneously narrowed the scope of remand, precluding the state from raising additional issues in opposition to the motion to suppress. We agree that the state is not precluded from raising those issues. Accordingly, we grant the state's petition for reconsideration and modify our prior opinion.

In his motion to suppress, defendant argued that the police had unlawfully impounded a car that he had been driving and that evidence found during an inventory of the car should be suppressed. The trial court concluded that impoundment was lawful and, thus, denied the motion. Defendant appealed, renewing the argument that the impoundment was unlawful under the Fourth Amendment to the United States Constitution. The state responded that the police had lawfully impounded the car under the community caretaking exception to the Fourth Amendment warrant requirement. It also argued that, even if the impoundment was unlawful, we should affirm the trial court's ruling, under the "right for the wrong reason" doctrine, on either of two alternative grounds: (1) the police officer who impounded the car did so in good faith and, thus, the Fourth Amendment exclusionary rule does not apply; and (2) defendant had no possessory interest in the car and thus was not entitled to contest the impoundment. At the outset, we declined to consider the state's alternative arguments because both presented factual issues and, had they been raised in the trial court, defendant might have developed a different record. *Id.* at 396-97. We then concluded that the community caretaking exception did not apply and, in the last sentence of our opinion, stated, "It follows that the warrantless seizure of the car was unlawful and that the evidence discovered in the subsequent inventory should have been suppressed." *Id.* at 403.

In its petition for reconsideration, the state does not challenge our conclusion that the car was unlawfully impounded. Rather, it asserts that our conclusion that the

evidence should have been suppressed was premature. The state contends that, on remand, it should be permitted to raise the alternative arguments that we declined to address. In the state's view, a determination that the "right for the wrong reason" doctrine cannot fairly be applied because the appellant might have developed a different record "does not deprive the respondent of the opportunity to make its alternative arguments on remand—and the opposing party can then develop the record accordingly." According to the state, that is particularly important when, as here, the alternative arguments relate to a step of the analysis that the trial court was not required to reach because it came to a dispositive conclusion at an earlier point in the analysis. The state asserts that "the principles of judicial efficiency * * * dictate that a party that has prevailed below can stop making its case before the trial court."

Defendant responds that the state is asking for a "second bite at the apple" and that we rejected a similar argument by the defendant in *State v. Parker*, 227 Or App 413, 206 P3d 259 (2009).

We have previously held that, if we have ruled that a trial court erred in denying a motion to suppress on a particular ground, the state is not precluded from raising a different theory of admissibility on remand. In *State v. Parras*, 52 Or App 1071, 1074-75, 630 P2d 410, *rev den*, 291 Or 662 (1981), we observed that, when there are "two successive theories for admissibility, * * * [t]he [state's] second argument need not be made if the state succeeds on the first." There, the trial court had ruled on the state's first theory, and we reversed on that ground. We concluded that the state could raise the second theory on remand, observing that "it previously had no opportunity to present [that theory] because the trial court initially ruled in its favor." *Id.* at 1075-76.

Similarly, we have held that, when the state successfully appeals an order granting a motion to suppress, the defendant is free to litigate issues that the trial court did not reach, even if the issues were not raised at the initial suppression hearing. *State v. Allen*, 222 Or App 71, 80, 191 P3d 762, *rev den*, 345 Or 503 (2008); *State v. Nelson*, 181 Or App 593, 605 n 6, 47 P3d 521, *rev den*, 335 Or 90 (2002).

Our opinion in *Parker* is not to the contrary. In that case, the defendant moved to suppress evidence under both the state and federal constitutions. The trial court denied the motion, and the defendant appealed. We remanded for additional findings relevant to the state constitutional issue and did not reach the federal issue. The defendant petitioned for reconsideration, asking us to direct the trial court to consider his federal claim if it ruled against him on the state constitutional ground. *Parker*, 227 Or App at 415. Noting that the trial court had already ruled against him on the federal claim, we declined to give him an opportunity to make a second attempt to persuade the trial court to rule in his favor on it. *Id.* at 417.

In this case, the state is not asking for an opportunity to revisit an adverse ruling. It is asking for an opportunity to raise issues that it was not required to raise at the first suppression hearing, given that the trial court ruled in its favor. *Parker* does not support defendant's position that the state is asking for a "second bite at the apple."

In light of *Parras*, *Allen*, and *Nelson*, the statement in our earlier opinion that "[i]t follows that the warrantless seizure of the car was unlawful and that the evidence discovered in the subsequent inventory should have been suppressed," *Gonzales*, 236 Or App at 403, was too broad. Accordingly, we modify our opinion to omit the words "and that the evidence discovered in the subsequent inventory should have been suppressed." The state is free on remand to raise its alternative arguments in opposition to suppression.

Reconsideration granted; opinion modified and adhered to as modified.