Submitted May 30, affirmed July 25, petition for review denied
November 8, 2012 (352 Or 665)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH PATRICK ONEILL,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1000964; A146928

285 P3d 1127

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant was convicted of possession of methamphetamine, ORS 475.894. On appeal, he challenges the trial court's denial of his motion to suppress evidence discovered after his car was impounded and searched. He argues that the impoundment of the vehicle violated the Fourth Amendment to the United States Constitution.[1] We conclude that the impoundment was permissible under the community caretaking exception to the warrant requirement and, therefore, affirm.

We state the relevant facts consistently with the trial court's express and implied findings where there is evidence in the record to support those findings. *State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993). Deputy Martinez of the Clackamas County Sheriff's Office observed defendant commit a traffic infraction and initiated a traffic stop. As he was being stopped, defendant called a friend, Nitsos, to request that she retrieve the vehicle he was driving. Defendant pulled into the parking lot of a retail store, which was located in a high-crime area, and parked in a parking space. Martinez spoke with defendant and learned that he had a suspended license and was uninsured. Martinez also discovered that defendant was not the registered owner of the vehicle.

Martinez decided to impound the vehicle and have it towed pursuant to Clackamas County Code 7.01.080. That provision provides that the sheriff "may, without prior notice, order a vehicle towed when," among other things, the vehicle operator is driving while suspended or driving uninsured.[2] Martinez did not consider leaving the car to be a viable alternative because the car, which contained several items of property, was in a high-crime area with "a lot of vehicle break-ins."

In preparation for the tow, Martinez conducted an inventory search. During the search, he found a black case that contained syringes and a crystalline substance that he knew to be methamphetamine. Defendant stated that he

---

[1] Defendant raises no argument under Article I, section 9, of the Oregon Constitution.

[2] ORS 809.720 provides similar authority.

would "take responsibility" for the contraband. Martinez called the registered owner to inquire about the contents of the car and to confirm that defendant had permission to drive the car. The owner indicated that defendant was the primary user of the vehicle. Defendant was arrested.

At some point during the stop, Nitsos arrived at the scene to take custody of the vehicle. The parties presented conflicting testimony about when she arrived. Martinez did not "remember anybody else being on scene" when he began an inventory of the vehicle. He testified that Nitsos arrived only after he had completed the inventory of the car. (He also testified that she may have arrived while the inventory was ongoing.) Nitsos testified that she arrived before the inventory.[3] In any event, Martinez declined to release the car to defendant's friend because the registered owner was not present to grant permission. The car was ultimately towed.

Defendant was subsequently charged with possession of methamphetamine. Before trial, he moved to suppress the evidence discovered during the inventory search of the vehicle, arguing that the predicate warrantless seizure of the vehicle violated the Fourth Amendment. Defendant argued that the vehicle could not be impounded under the community caretaking exception to the warrant requirement because it was not impeding traffic, it presented no threat to public safety, and it could have been removed by defendant's friend. The state argued that the vehicle was properly impounded to prevent vandalism or theft and that, in any event, the evidence should not be excluded because the officer had relied in good faith on the Clackamas County tow policy. The trial court ultimately denied the motion on the ground that the impoundment was lawful under the community caretaking exception to the Fourth Amendment.[4] Defendant was convicted after a trial on stipulated facts.

---

[3] The trial court expressed doubt about whether Nitsos could have arrived before the inventory began, given where she lived in relation to the location of the stop. The court seems to have implicitly found that she was not there at the beginning of the inventory. Specifically, the court stated, "The evidence is somewhat unclear about when Ms. Nitsos arrived at the scene. I would say that her claim that she arrived within four minutes * * * just isn't possible, driving at anywhere close to that."

[4] Both the parties and the trial court, at times, seemed to conflate the lawfulness of the impoundment and the lawfulness of the inventory. Nonetheless, on appeal, defendant raises a challenge only to the lawfulness of the impoundment.

On appeal, the parties essentially reprise the arguments that they made to the trial court. Defendant relies heavily on two cases in which this court and the Ninth Circuit (each) held that the community caretaking doctrine did not justify the impoundment of a vehicle where it was parked in a private driveway. *State v. Gonzales*, 236 Or App 391, 236 P3d 834, *adh'd to as modified on recons*, 238 Or App 541, 243 P3d 116 (2010); *Miranda v. City of Cornelius*, 429 F3d 858 (9th Cir 2005). For the following reasons, we reject defendant's argument and conclude that the impoundment was within the officer's authority as a community caretaker.[5]

The impoundment of an automobile is a seizure that, if conducted without a warrant, is *per se* unreasonable under the Fourth Amendment unless it falls within a specifically established exception. *Miranda*, 429 F3d at 862. The state contends that the impoundment was justified under the "community caretaking" exception. As the court explained in *Miranda*:

> "In their 'community caretaking' function, police officers may impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic. Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft. A driver's arrest, or citation for a non-criminal traffic violation as in this case, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location at which it jeopardizes the public safety or is at risk of loss."

*Id.* at 864 (citations and internal quotation marks omitted). In that case, the vehicle was parked in a private driveway at the time of impoundment. The court concluded that no public safety concern was implicated under those circumstances: "An officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to other drivers." *Id.* at 866; *see also Gonzales*, 236

---

[5] Because we affirm on that ground, we do not reach the state's alternative argument that the evidence was admissible because the officer relied in good faith on the county ordinance.

Or App at 403 (reaching the same conclusion under similar circumstances); *U.S. v. Caseres*, 533 F3d 1064, 1075 (9th Cir 2008) (impoundment not justified by community caretaking where car was lawfully parked on the street two houses away from the defendant's residence).

Courts, however, have distinguished those circumstances from situations where a car is parked on the side of a road or in a parking lot. In the latter instance, impoundment may be justified by the need to protect the car from damage or theft. *See, e.g., U.S. v. Jensen*, 425 F3d 698, 706 (9th Cir 2005), *cert den*, 547 US 1056 (2006) (impoundment justified where, among other things, officer's concerns about vandalism were reasonable); *Hallstrom v. City of Garden City*, 991 F2d 1473, 1477 n 4 (9th Cir), *cert den*, 510 US 991 (1993) (where car was parked in a parking lot, "it was not unreasonable for the arresting officers to protect the car from vandalism or theft by having it towed"); *U.S. v. Kanatzar*, 370 F3d 810, 813 (8th Cir 2004), *vac'd on other grounds*, 543 US 1107 (2005) (noting that several circuits "have considered the likelihood of theft or vandalism when determining the reasonableness of an impoundment" and citing cases to that effect); *U.S. v. Johnson*, 734 F2d 503, 505 (10th Cir 1984) (impoundment to prevent vandalism was reasonable); *U.S. v. Griffin*, 729 F2d 475, 480 (7th Cir), *cert den*, 469 US 830 (1984) (impoundment to protect expensive sports car and its contents from damage or theft was reasonable); *U.S. v. Staller*, 616 F2d 1284, 1290 (5th Cir), *cert den*, 449 US 869 (1980) (impoundment of a car legally parked in a mall parking lot was reasonable in order to prevent vandalism or theft); *cf. U.S. v. Duguay*, 93 F3d 346, 352-53 (7th Cir 1996) (rejecting the risk of theft or vandalism as a valid rationale for impoundment).

Here, there is evidence that the car, although not presenting an impediment or hazard to other vehicles, was parked in a high-crime area known for vehicle break-ins. The car contained a number of pieces of property, some of them valuable. Under those circumstances, it was reasonable for the officer to impound the car.[6]

---

[6] Defendant does not argue that the impoundment policy lacks standardized criteria because it grants the officer discretion to determine when to impound a vehicle. *See U.S. v. Barrios*, 374 Fed Appx 56, 57 (2d Cir), *cert den*, ___ US ___,

Although defendant argues that the officer should have relinquished custody of the vehicle to Nitsos rather than impounding it, that argument is at odds with the trial court's implicit finding that Nitsos was not at the scene at the time that Martinez took custody of the vehicle and inventoried it. Furthermore, it was reasonable for Martinez not to relinquish custody of the car where the registered owner was not at the scene and where additional efforts would have been required in order to obtain the owner's permission. *See Colorado v. Bertine*, 479 US 367, 373-74, 107 S Ct 738, 93 L Ed 2d 739 (1987) (suggesting that impoundment is reasonable even though less intrusive alternatives might be available); *U.S. v. Cartwright*, 630 F3d 610, 615 (7th Cir 2010), *cert den*, ___ US ___, 131 S Ct 2172 (2011) (citing cases to that effect).[7] Thus, defendant's argument in that regard fails.

In short, the officer's impoundment of the vehicle was permissible under the community caretaking exception to the warrant requirement and therefore did not violate the Fourth Amendment.

Affirmed.

---

131 S Ct 261 (2010) (noting that federal circuits are split on whether vehicle impoundments under the community caretaking exception must be conducted pursuant to standardized procedures).

[7] Some cases do suggest that the availability of another person to *immediately* and lawfully take possession of the vehicle is a relevant consideration in determining the reasonableness of the impoundment. *See, e.g.*, *U.S. v. Coccia*, 446 F3d 233, 240 (1st Cir 2006), *cert den*, 549 US 1149 (2007) (so noting); *U.S. v. Rodriguez-Morales*, 929 F2d 780, 786 (1st Cir 1991), *cert den*, 502 US 1030 (1992) (citing cases). That circumstance was not present here.