Argued and submitted December 20, 2013, reversed and remanded
October 1, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD CHAVES GONZALES,
*Defendant-Appellant.*

Washington County Circuit Court
C072951CR; A150682

337 P3d 129

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael R. Salvas, Assistant Attorney General, argued the cause for respondent. On the brief were Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General.

Before Ortega, Presiding Judge, and DeVore, Judge, and De Muniz, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant challenges his conviction for possession of a controlled substance, arguing that the trial court erred in denying his motion to suppress. The case is before us on appeal for the second time. In the first appeal, *State v. Gonzales*, 236 Or App 391, 236 P3d 834 (*Gonzales I*), adh'd to as modified on recons, 238 Or App 541, 243 P3d 116 (2010) (*Gonzales II*), the trial court had denied defendant's suppression motion after concluding that a police officer was justified in impounding defendant's car and conducting an inventory search of the car under the "community-caretaking doctrine." On appeal, we determined that the trial court had erred because the community-caretaking doctrine did not authorize the seizure of defendant's car. *Gonzales I*, 236 Or App at 402. Accordingly, we concluded that the evidence discovered in the inventory search should have been suppressed, and we reversed and remanded. However, on reconsideration, we modified our opinion to allow the state to raise alternative arguments on remand that it had not raised in the original suppression hearing. *Gonzales II*, 238 Or App at 545. On remand, the state argued that the "good-faith exception" to the exclusionary rule of the Fourth Amendment to the United States Constitution applied and that suppression was not required. The trial court agreed, and denied defendant's motion to suppress. Defendant appeals, contending that the officer reasonably should have known that impoundment of defendant's car was unconstitutional in the circumstances of this case and, thus, the trial court erred in determining that the good-faith exception applied. We agree with defendant, and reverse and remand.

We take the facts from our opinion in *Gonzales I*.

"In November 2007, Officer Blood of the Cornelius Police Department saw defendant commit a traffic violation and activated the overhead lights on his patrol car, signaling defendant to stop. Defendant continued to drive for two or three blocks and then pulled into his own driveway and stopped. He informed Blood that his driver's license was suspended and gave him an expired insurance card. ORS 809.720 and Cornelius City Code section 10.40.030 both provide that a police officer may impound a vehicle if the driver was driving while suspended or without insurance.

Blood decided to impound the car that defendant was driving and, in preparation for having it towed, conducted an inventory. He found defendant's wallet under one of the seats and, in the wallet, a small plastic bag containing cocaine. Defendant moved to suppress the evidence resulting from the inventory, arguing that Blood did not have authority to impound the vehicle and that the inventory was therefore unlawful. The trial court denied the motion and subsequently convicted defendant."

236 Or App at 393.

In *Gonzales I*, the parties argued, as they had in the trial court, about whether the community-caretaking exception to the Fourth Amendment's warrant requirement authorized the impoundment of defendant's car.[1] *Id.* at 396. The state also made two alternative arguments in the original appeal: (1) the exclusionary rule should not apply because the officer impounded the car in good-faith reliance on ORS 809.720 and Cornelius City Code (CCC) section 10.40.030 and (2) defendant had no possessory interest in the car, and thus could not benefit from the exclusionary rule. *Id.* We disposed of the state's alternative arguments first, concluding that we could not consider them because the state had raised those alternative grounds for the first time on appeal, and the record might have developed differently if the state had presented those arguments in the trial court. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (concluding that, if the question is not purely one of law, we will affirm a trial court decision on an alternative ground only if, among other requirements, "the record [is] materially * * * the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below").

As for the community-caretaking exception, we concluded, relying in part on the Ninth Circuit Court of Appeals' reasoning in *Miranda v. City of Cornelius*, 429 F3d 858 (9th Cir 2005), that, "under the circumstances of this case, community caretaking does not extend to impounding a car from the defendant's driveway." *Gonzales I*, 236

---

[1] Defendant has not raised any arguments under the Oregon Constitution. Therefore, our analysis is limited to the Fourth Amendment issues framed by the parties.

Or App at 403. Accordingly, we stated that "[i]t follows that the warrantless seizure of the car was unlawful and that the evidence discovered in the subsequent inventory should have been suppressed." *Id.*

The state petitioned for reconsideration, arguing that we had erroneously narrowed the scope of remand, precluding the state from raising its alternative arguments on remand in opposition to the motion to suppress. *Gonzales II,* 238 Or App at 543. The state argued that it should have an opportunity to make those arguments on remand because "the alternative arguments relate to a step of the analysis that the trial court was not required to reach because it came to a dispositive conclusion at an earlier point in the analysis." *Id.* at 544. We agreed, and modified *Gonzales I* to omit the statement that "'the evidence discovered in the subsequent inventory should have been suppressed.'" *Gonzales II,* 238 Or App at 545. We further noted that "[t]he state is free on remand to raise its alternative arguments in opposition to suppression." *Id.*

As relevant here, on remand, the state advanced the "alternative" argument that, because the officer impounded defendant's car "based on an objectively reasonable reliance on state and local law," the exclusionary rule should not be applied to suppress evidence that resulted from the impoundment.[2] Defendant countered that two years before his arrest, the Ninth Circuit had held in *Miranda* that it was unreasonable, under the Fourth Amendment, for a Cornelius Police Officer to impound a car under circumstances that were almost identical to the facts of this case. Defendant argued that, given *Miranda*, Blood should have known that impounding defendant's car under those circumstances violated the Fourth Amendment; therefore, he could not reasonably have relied on ORS 809.720 or the city code to impound defendant's car.[3] The trial court denied

---

[2] The state also argued that defendant lacked a possessory interest in the car. The trial court rejected that argument, and it is not at issue on appeal.

[3] At the suppression hearing on remand, the trial court refused the state's request to call Blood as a witness, instead limiting the hearing to the state's presentation of its alternative legal arguments. That ruling is not at issue on appeal. Accordingly, the record contains no evidence regarding Blood's actual knowledge of the *Miranda* decision.

defendant's motion, concluding that "what [Blood] did was reasonable."

On appeal, defendant again relies on the existence of *Miranda*, and the factual similarities between that case and this one, to argue that "it is unreasonable to believe that a member of a small police force would not know that the Ninth Circuit recently held that the actions of a fellow officer violated the Fourth Amendment in a nearly identical situation and under the same statute and ordinance."

The state responds that the Ninth Circuit stopped short of declaring unconstitutional ORS 809.720 or the city code provision at issue; rather it concluded only that the impoundment of the defendant's car in *Miranda* for community-caretaking purposes was unreasonable under the Fourth Amendment. The state maintains that, because the facts of this case are distinguishable from those in *Miranda*, Blood could reasonably rely on the statute or city code provision to justify the impoundment.

The purpose of the exclusionary rule under the Fourth Amendment is deterrence of police misconduct. *United States v. Leon*, 468 US 897, 906, 104 S Ct 3405, 82 L Ed 2d 677 (1984). Accordingly, the Supreme Court has held that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Id.* at 922. Similarly, in *Illinois v. Krull*, 480 US 340, 349-52, 107 S Ct 1160, 94 L Ed 2d 364 (1987), the Court recognized a good-faith exception when an officer acts in objectively reasonable reliance upon a statute authorizing warrantless administrative searches, even where the statute is later found to violate the Fourth Amendment. *See also Davis v. U. S.*, ___ US ___, ___, 131 S Ct 2419, 2434, 180 L Ed 2d 285 (2011) (the exclusionary rule does not apply when the police conduct a search in objectively reasonable reliance on binding appellate precedent). In *Krull*, the Court noted that, because the purpose of the exclusionary rule is to deter police officers from violating the Fourth Amendment, evidence should be suppressed "'only if it can be said that the law enforcement officer had knowledge, or *may properly be charged with*

*knowledge*, that the search was unconstitutional under the Fourth Amendment.'" 480 US at 348-49 (quoting *United States v. Peltier*, 422 US 531, 542, 95 S Ct 2313, 45 L Ed 2d 374 (1975)) (emphasis added).

We conclude that the trial court committed legal error when it determined that the good-faith exception to the exclusionary rule applied in this case. As we explain, at least under the narrow circumstances presented here, Blood may properly be charged with knowledge that the seizure of defendant's car in his driveway pursuant to ORS 809.720 or the city code provision was unconstitutional. In short, given the existence of *Miranda*—which involved the same police force, the same statute and city code provision, and nearly identical circumstances—it was not objectively reasonable for Blood to rely on ORS 809.720 or the city code to order defendant's car impounded when it was parked in defendant's driveway and was not impeding traffic or threatening public safety.

A brief review of *Miranda* demonstrates why that is so. In that case, decided two years before the incident at issue in this one, a Cornelius Police Officer had stopped an unlicensed driver in her driveway, and ordered her van impounded even though her husband, who was licensed and owned the van, was present. 429 F3d at 861. The Ninth Circuit held that the officer violated the Fourth Amendment by, pursuant to ORS 809.720 and the Cornelius City Code, impounding the car in the owner's driveway even though it presented no impediment to traffic or threat to public safety. *Id.* at 864-66. The court held that "[a]n officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to other drivers." *Id.* at 866. The court rejected the city's argument that impoundment satisfied the "caretaking" function by deterring an unlicensed driver from repeating the illegal activity in the future. The court noted that the purpose of the community-caretaking doctrine is to remove vehicles that are presently impeding traffic or creating a hazard, not to deter a driver's unlawful conduct. *Id.*

In light of *Miranda*, a police officer with the Cornelius Police Department may be charged with knowledge that,

when a vehicle is parked in the operator's driveway and presents no impediment to traffic or threat to public safety, ordering impoundment of the vehicle under ORS 809.720 or the city code would violate the Fourth Amendment. Here, the situation with which Blood was faced after pulling defendant over is so similar to the situation in *Miranda* that it was objectively unreasonable for him to rely on ORS 809.720 or the city code to order impoundment of defendant's car.

We reject the state's contention that the good-faith exception should apply because the Ninth Circuit did not declare ORS 809.720 or the city code unconstitutional in *Miranda*. The Court's exclusionary rule jurisprudence does not require a court to have declared a statute unconstitutional in order for an officer's actions to fall outside the good-faith exception. The focus is on whether the officer may properly be charged with knowledge "that the search was unconstitutional under the Fourth Amendment." *Krull*, 480 US at 348-49. Accordingly, it is sufficient that the Ninth Circuit had declared that an officer violates the Fourth Amendment by ordering impoundment of a vehicle under ORS 809.720 and the city code in nearly identical circumstances. As defendant points out, failure to apply the exclusionary rule in this case could create an incentive for law enforcement officers to remain ignorant of developments in Fourth Amendment jurisprudence. Such an incentive would be antithetical to the deterrence rationale of the exclusionary rule. *See Davis*, ___ US at ___, 131 S Ct at 2429 ("Responsible law-enforcement officers will take care to learn what is required of them under Fourth Amendment precedent and will conform their conduct to these rules." (Internal quotation marks omitted.)). The trial court therefore erred when it denied defendant's suppression motion.

Reversed and remanded.